■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD McDUFFIE and THOMAS LANCE, Appellants.—Appeals by defendants from two judgments of the Supreme Court, Kings County, one as to defendant McDuffie, rendered May 29, 1975, and one as to defendant Lance, rendered June 5, 1975, convicting them of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgments reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The indictment and conviction of the defendants herein arose out of a robbery which occurred on July 22, 1974, at about 4:30 P.M., in the Fort Greene area of Brooklyn. The People's case against the defendants was not overwhelming. The one victim of the crime who was asked to make an in-court identification during the *Wade* hearing and the trial picked out the wrong man at the hearing. When he was asked at the trial whether he saw in the courtroom the two men who had robbed him, he replied, "I'm not sure." Each of the defendants testified in his own behalf. In addition, the defense produced a disinterested witness whose testimony provided defendant Lance with an alibi and, at the same time, seriously impeached the credibility of the People's witnesses concerning the circumstances leading to the defendants' capture. It is within this context that two particular grounds, which are urged by defendants for reversal of their convictions, must be considered. During the trial, the court engaged in colloquy at several points with both the prosecutor and defendants' attorneys. On appeal it is contended that, during these instances, the trial court indicated its bias toward the defendants and disparaged defendants' trial attorneys. While we are of the view that the trial court did not intend to convey that impression by its language, we recognize the possibility that the jurors may have received that impression regardless. More significant, however, was the error committed by the trial court when it refused to charge the jury, as required by CPL 300.10 (subd 3), that the guilt or innocence of each defendant was to be considered separately (see *People v Jenkins*, 47 AD2d 735). An exception to the court's failure to so charge was taken. Under all of the circumstances herein, it is our view that defendants were denied a fair trial and a new trial is hereby ordered. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.