■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EVANS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 4, 1975 (the date on the clerk's extract is August 8, 1975), convicting him of four counts of robbery in the first degree and two counts of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Although the appellant and a codefendant were tried together, the trial court failed to instruct the jury, as required by CPL 300.10 (subd 3), "to render a verdict separately and specifically * * * with respect to each defendant". That charge is mandatory whether or not it is requested by the defense. Therefore, the court's failure to so charge is not subject to harmless error analysis, regardless of the quantum of proof against the appellant. (See *People v Britt,* 43 NY2d 111; *People v McDuffie,* 56 AD2d 662.) We note, also, that in charging the jury

the trial court stated: "Now, this Grand Jury consists of twenty-three persons. If twelve of these twenty-three agree, then a true bill on the indictment is returned. That is what was done in this particular case." In *People v Fortt* (42 AD2d 859, 860), in a dissenting memorandum, it was noted that that precise charge is improper and "is completely unnecessary and possibly misleading." The Court of Appeals reversed the order of this court and ordered a new trial on the dissenting memorandum *(People v Fortt,* 35 NY2d 921, 922; see, also, *People v Williams,* 57 AD2d 876). Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.