■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 24, 1976, convicting him of murder in the second degree (felony murder) and two counts of robbery in the second degree, upon a jury verdict, and imposing sentence (the sentences imposed on the robbery convictions were to run consecutively to the sentence imposed on the murder conviction). Judgment modified, on the law, by deleting therefrom the provision that the sentence imposed on the conviction of robbery in the second degree, under Count No. 3 of the indictment, run consecutively to the sentence imposed upon the murder conviction and substituting therefor a provision that the sentence imposed under Count No. 3 shall run concurrently with the sentence imposed on the murder count. As so modified, judgment affirmed. The robbery of Howard O'Neil was a material element needed to prove felony murder. Subdivision 2 of section 70.25 of the Penal Law provides that where an act or omission constitutes one offense and is a material element of another offense, the sentences must run concurrently. Accordingly, the sentence imposed on the robbery conviction under Count No. 3 must be modified. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KAPLAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 25, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed (see *People v Broadie,* 37 NY2d 100, cert den 423 US 950). Titone, J. P., O'Connor, Margett and Martuscello, JJ., concur.