■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BRATH-WAITE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 6, 1980, convicting him of murder in the second degree (three counts), robbery in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by (1) reversing the conviction of murder in the second degree under the fifth count of the indictment, vacating the sentence imposed thereunder and dismissing the count, and (2) deleting the provisions providing for consecutive sentences on the remaining counts of murder in the second degree and substituting therefor a provision that said sentences shall run concurrently. As so modified, judgment affirmed. The fifth count of the indictment charged that the defendant, evincing a depraved indifference to human life, recklessly caused the death of one of the three coperpetrators of the robbery (Penal Law, § 125.25, subd 2). Since there was no proof that he actually fired the fatal shots, he could not be convicted of intentional murder (Penal Law, § 125.25, subd 1; see *People v Ozarowski,* 38 NY2d 481; *People v Agron,* 10 NY2d 130; *People v Barnes,* 60 AD2d 654) and the felony murder provisions are not applicable to deaths of participants (Penal Law, § 125.25, subd 3). We do not believe that the commission of an armed robbery, in and of itself, constitutes the type of

wantonness within the ambit of subdivision 2 of section 125.25 of the Penal Law (see *People v Guraj,* 105 Misc 2d 176, 178; *People v Washington,* 62 Cal 2d 777; cf. *People v Northrup,* 83 AD2d 737, 738; *People v France,* 57 AD2d 432, 435). Consequently, that count of the indictment must be dismissed. We also find that the consecutive sentences imposed in this case are improper. Consecutive sentences are authorized only when the offenses charged involve disparate or separate acts (Penal Law, § 70.25, subd 2; *People v Underwood,* 52 NY2d 882). By definition, a charge of felony murder encompasses both the homicide and the robbery which, therefore, must be deemed a single act for purposes of sentence (*People v Jones,* 69 AD2d 824). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.