THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SUMMERSET, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 25, 1980, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment modified, on the law, by reversing the conviction of murder in the second degree under the first count of the indictment, alleging specific intent, vacating the sentence imposed thereunder and dismissing said count. As so modified, judgment affirmed. ¶ The People's proof established that codefendant Billy Billups fired the fatal shot. The proof failed to establish a separate, specific intent on defendant's part to commit murder (*People v Barnes,* 60 AD2d 654; *People v Braithwaite,* 96 AD2d 865). While intent may be proved by circumstantial evidence (*People v La Bruna,* 66 AD2d 300, 302), the jury must find "that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" (*People v Sanchez,* 61 NY2d 1022, 1024). Here, the evidence was that defendant, his codefendant and the deceased were all standing and arguing in the hallway of the apartment of Valerie Chisolm, the deceased's sister. The argument may well have concerned money. The four people in the apartment other than defendant, the codefendant and the deceased were Valerie Chisolm, Theresa Chisolm, also a sister of the deceased, Thomas Capurso, and Valerie's daughter, then eight years old. Valerie Chisolm, Theresa Chisolm, and Capurso did not know the codefendant; each knew the defendant. ¶ At some point, defendant produced a gun from his pocket, which he either held downward or waved about. A witness testified that defendant told the deceased that he would shoot him. He displayed the weapon for a period of time, which one witness could not recall and which another stated was about two minutes. During the course of the argument codefendant Billups grabbed the gun from defendant's hand and immediately shot the deceased. ¶ Under these circumstances, there was a failure to prove that defendant had the necessary intent to kill Thomas Chisolm. That he made the threat to shoot Chisolm does not establish that he intended to kill him. ¶ The conviction for murder in the second degree must therefore be reversed. ¶ We have considered defendant's other contentions and find them to be either without merit or not preserved for appellate review as a matter of law. We decline to exercise our interest of justice jurisdiction. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.