■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EPIFANIO VASQUEZ and CARLOS RIVERA, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Sherman, J.), rendered December 8, 1981 as to defendant Rivera and rendered January 11, 1982 as to defendant Vasquez, convicting each of them of manslaughter in the first degree and criminal possession of a weapon in the fourth degree (two counts), upon jury verdicts, and imposing sentences.

Judgments reversed, on the law and as a matter of discretion in the interest of justice, the third count of the indictment charging defendant Vasquez with criminal possession of a weapon in the fourth degree, i.e., a knife, is dismissed, and the matter is remitted for a new trial as to defendant Vasquez on the second count of the indictment charging him with criminal possession of a weapon in the fourth degree (i.e., a baseball bat) and as to defendant Rivera on the second and third counts of the indictment charging him with criminal possession of a weapon (i.e., a baseball bat and a knife, respectively), without prejudice to the People to resubmit any appropriate charges against defendants under the first count of the indictment to another Grand Jury (*People v Beslanovics,* 57 NY2d 726).

Defendants were each convicted, after a joint trial, of the crimes of manslaughter in the first degree (as a lesser included offense of murder in the second degree charged in the first count of the indictment) and two counts of criminal possession of a weapon in the fourth degree (i.e., a baseball bat and a knife). These convictions arose out of a fatal beating inflicted on one Thomas Higgins on August 30, 1980 in Far Rockaway.

In the instant trial involving two defendants, it was incumbent upon the court to instruct the jury to consider the evidence of guilt or innocence separately as to each defendant (CPL 300.10, subd 4; *People v Evans,* 63 AD2d 653). In addition, since the defendants were charged in the indictment with acting in concert, it was also incumbent upon the court to instruct the jury properly on the principle of accessorial liability, i.e., that a defendant charged with acting in concert to commit a crime cannot be convicted unless he acted with the "mental culpability required for the commission" of that crime (Penal Law, § 20.00). In the instant case, the court committed reversible error when it (1) failed to instruct the jury throughout the charge that the evidence had to be considered separately as to each defendant and (2) improperly charged the jury on the issue of accessorial liability by failing to indicate that defendants had to act with

the requisite mental culpability (*People v Evans, supra; People v McDuffie,* 56 AD2d 662; *People v La Belle,* 18 NY2d 405; *People v Jones,* 89 AD2d 876).

The trial court also committed reversible error in failing to charge, with respect to defendant Vasquez, intoxication and the lesser included offense of manslaughter in the second degree.

It has been consistently held that intoxication "while * * * not a defense, may be considered by a jury in determining the presence of the element of intent in any crime" (*People v Orr,* 43 AD2d 836, affd 35 NY2d 829). A charge on intoxication should be given if there is "sufficient evidence of intoxication in the record for a reasonable man to entertain a doubt as to the element of intent on that basis" (*People v Orr, supra; People v Lee,* 35 NY2d 826; *People v Steele,* 26 NY2d 526). Moreover, if requested, a lesser included offense must be charged "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50, subd 1; *People v Scarborough,* 49 NY2d 364). In determining this issue, the "court must give the defendant the benefit of the most favorable view of the record" (*People v Collins,* 86 AD2d 616; *People v Steele, supra*).

Here, Vasquez testified that he had drunk two six-packs of beer shortly before the incident, and another witness testified that Vasquez was drunk. Under these circumstances, there was a reasonable view of the evidence that Vasquez acted recklessly (and was guilty of the lesser included offense of manslaughter in the second degree), and not intentionally (*People v Lee, supra; People v Orr, supra; People v Garson,* 97 AD2d 518; *People v Green,* 56 NY2d 427).

Finally, the third count of the indictment charging defendant Vasquez with criminal possession of a weapon in the fourth degree, i.e., a knife, must be dismissed since the evidence was legally insufficient to permit the jury to find that Vasquez acted in concert with his codefendant Rivera to possess the knife with the intent to use it unlawfully against another (Penal Law, § 265.01, subd [2]; § 10.00, subd 8; § 20.00; cf. *People v Gwynn,* 53 AD2d 565).

We have reviewed the remaining arguments raised by defendants and find them to be without merit. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.