■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS ORTIZ, Also Known as JESUS BERRIOS, Appellant. — Appeal by. defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered December 8, 1981, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, the third count of the indictment charging the defendant with criminal possession of a weapon in the fourth degree, i.e., a knife, is dismissed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the second count of the indictment charging him with criminal possession of a weapon in the fourth degree, i.e., a baseball bat, without prejudice to the People to resubmit any appropriate charges against defendant under the first count of the indictment to another Grand Jury (*People v Beslanovics,* 57 NY2d 726).

Defendant was indicted, together with codefendants Epifanio Vasquez and Carlos Rivera, for murder in the second degree and two counts of criminal possession of a weapon in the fourth degree (i.e., a baseball bat and a knife) arising out of the fatal beating and stabbing of one Thomas Higgins on August 30, 1980 in Far Rockaway. All three men were convicted, after a joint trial, of manslaughter in the first degree as a lesser included offense of the murder count and of both counts of criminal possession of a weapon in the fourth degree. Defendant's convictions must be reversed because, as we held in *People v Vasquez* (104 AD2d 429), the trial court committed reversible error when

it (1) failed to instruct the jury to consider the evidence of guilt or innocence separately as to each defendant, as required by CPL 300.10 (subd 4) (see *People v Evans,* 63 AD2d 653), and (2) improperly charged the jury on the issue of accessorial liability by failing to indicate that each defendant had to act with the mental culpability required for the commission of each crime (*People v Vasquez, supra,* pp 429-430; *People v La Belle,* 18 NY2d 405; *People v Jones,* 89 AD2d 876; Penal Law, § 20.00).

Furthermore, the third count of the indictment charging the defendant with criminal possession of a weapon in the fourth degree, i.e., a knife, must be dismissed since there was insufficient evidence, as a matter of law, to permit the jury to find that defendant acted in concert with his codefendant Rivera to possess the knife with the intent to use it unlawfully against another (*People v Vasquez, supra;* cf. *People v Gwynn,* 53 AD2d 565). The testimony established that Rivera was carrying the knife tucked into his pants behind his belt buckle and that he suddenly pulled the knife from his pants during the beating and stabbed Higgins, immediately after which everyone fled. On this record, where the stabbing appears to have been wholly spontaneous, there was legally insufficient evidence to sustain defendant's conviction of criminal possession of a weapon in the fourth degree under the third count of the indictment.

We have considered the other issues raised by defendant and find them to be without merit. Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.