■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LA COOT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered April 19, 1982, convicting him of attempted robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

The defendant was convicted of acting in concert with the principal actor in the attempted robbery and the assault. He now argues that the convictions are not supported by evidence that he harbored the requisite intent.

An accessory must share the intent of the principal actor to

be held liable for the crime of the principal actor (Penal Law § 20.00; *People v La Belle,* 18 NY2d 405, 412). While the evidence is sufficient to support the convictions for attempted robbery, the same cannot be said for the assault conviction. To affirm the latter conviction, it must be shown that La Coot had the specific intent to cause physical injury to the victims by means of a deadly weapon *(see,* Penal Law § 120.05 [2]). "While intent may be proved by circumstantial evidence *(People v La Bruna,* 66 AD2d 300, 302), the jury must find 'that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence' *(People v Sanchez,* 61 NY2d 1022, 1024)" *(People v Summerset,* 100 AD2d 947). At bar, no intent to cause physical injury by means of a gun has been shown, and it can be reasonably hypothesized that the defendant went to the scene with the intent to hit or to threaten gunfire without actually intending such gunfire *(see, People v Monaco,* 14 NY2d 43). The assault conviction should therefore be reversed.

We have considered the defendant's other contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.