■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NEWTON and JASPER BELLAMY, Appellants.—Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Zelman, J.), both rendered May 27, 1982, convicting each of them of criminal possession of stolen property in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentences.

Judgments affirmed.

Both the defendants claim that the court erred in its charge to the jury concerning acting in concert (Penal Law § 20.00). They argue that the charge did not draw the jury's attention sufficiently to the element of intent required for the imposition of liability as an accessory, and that it further minimized this element by emphasizing that one can be guilty of accessorial conduct however small a part one plays in the crime. The court refused to give a charge submitted by the defendant Bellamy which more fully emphasized the element of intent or to charge that mere presence is not enough.

We find that the court's charge was not as a matter of law erroneous, because it did mention the element of mental culpability by reading the statutory definition (Penal Law § 20.00) and mentioned that the conduct must be intentional and knowing (cf. People v Vasquez, 104 AD2d 429). Moreover, the fact the defendants could be found guilty of possessing the stolen automobile without resort to accessorial liability further minimized any prejudice. (The defendants were tried and

ultimately acquitted on several other charges that did involve accessorial liability.)

The defendants' speedy trial claims are without merit. The fact that a superseding indictment was handed down does not automatically render the entire period of time prior thereto includable, where that period contained several periods (such as the defendants' omnibus motions) that are excluded in calculating the six-month period within which the People must be ready for trial (see, CPL 30.30 [4]; *People v Sinistaj,* 67 NY2d 236). The statute provides that periods of delay resulting from such defense motions remain excludable even where they coincide with delays that might be attributable to the People (see, *People v Worley,* 66 NY2d 523; *People v Torres,* 60 NY2d 119).

We have examined the defendants' remaining contentions, including those concerning the prosecutor's actions and the purported excessiveness of the defendant Newton's sentence, and have found them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.