■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE DIXON, Also Known as LAWRENCE BILLINGS, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered June 23, 1982, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, under indictment No. 4108/77, upon a jury verdict, and imposing sentence, (2) from a judgment of the same court, rendered December 22, 1983, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 4495/78, upon his plea of guilty, and imposing sentence, (3) from a judgment of the same court, also rendered December 22, 1983, convicting him of bail jumping in the first degree under indictment No. 3023/83, upon his plea of guilty, and imposing sentence, (4) by permission, from an order of the same court, dated November 11, 1983, which denied his *pro se* motion to vacate the judgment rendered June 23, 1982, and (5) by permission, from two orders of the same court, dated December 15, 1983, and May 30, 1984, respectively, which denied his motions to vacate the judgments. The appeals bring up for review the denial, after a hearing (Potoker, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments and orders are affirmed.

The hearing court's determination that the arresting officers had probable cause to arrest the defendant as he was getting out of his car on a public street finds ample support in the record and should not be disturbed *(see, People v De Vito,* 114 AD2d 374). The officers had the right to seize a gun which was only partially hidden on the front seat of the car pursuant to the "plain view" doctrine *(see, People v Roth,* 66 NY2d 689, 690; *People v Spinelli,* 35 NY2d 77, 81). Having found the gun in the car, the officers were required to impound the vehicle pursuant to Police Department procedure and had a right to inventory its contents *(see, e.g., Colorado v Bertine,* 479 US —, 107 S Ct 738; *South Dakota v Opperman,* 428 US 364; *People v Gonzalez,* 62 NY2d 386). Upon discovering a paper bag containing heroin during the inventory, the police could properly seize it.

We have reviewed the contentions raised by the defendant on his appeals, by permission, from three orders which denied his *pro se* motions to vacate his pleas and the three judgments

and find them to be without merit. We have also reviewed the contentions raised by the defendant in his *pro se* supplemental brief and find them to be without merit. Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.