■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered January 4, 1983, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

The hearing court's determination that the police officer had probable cause to arrest the defendant is amply supported by the record and will not be disturbed (see, People v Dixon, 130 AD2d 680). Moreover, the defendant's statement "I didn't have no gun" which he made to the arresting officer immediately following his arrest was not subject to suppression since it was not the product of police interrogation and, in any event, the defendant had been fully advised of his Miranda rights prior to that point.

We also reject the defendant's claim that he was deprived of a fair trial by reason of the prosecutor's failure to provide him or his counsel with written notice that the stolen property was being returned to the complainant pursuant to a court order *(see,* Penal Law § 450.10 [1]). During the prosecution's case, the complainant identified the stolen property, i.e., jewelry and a gun, through the use of photographs. At the close of the prosecution's case, the defendant moved, *inter alia,* to dismiss the indictment based on the prosecution's failure to comply with Penal Law § 450.10 (1). The prosecutor conceded that no written notice was given to the defendant or his counsel informing them that the stolen property had been returned to the complainant pursuant to a court order in response to the complainant's urgent requests. The prosecutor explained that he had mistakenly relied upon the provisions of Penal Law § 450.10 (1) prior to its amendment, effective September 1, 1981, which did not require that such written notice be given. The trial court denied the defendant's motion to dismiss the indictment. The court noted that the defendant had not been prejudiced by the return of the stolen property since his defense was not that the property had not been stolen but that he did not know that his codefendants intended to commit the robbery. Additionally, the trial court emphasized that there was no evidence of bad faith on the part of the prosecution in returning the property to the complainant. The court, however, ruled that since the prosecution had failed to introduce any evidence concerning the value of the stolen jewelry or the operability of the gun, the counts of the indictment for which these factors were elements would be dismissed. We agree with the trial court's determination.

The purpose of Penal Law § 450.10 is to provide the defendant with an opportunity to examine the stolen property and determine its value, in preparation for trial *(see, People v Mitchell,* 106 AD2d 478, 479). In cases where the prosecution has violated the provisions of the statute, it is in the sound discretion of the trial court to determine an appropriate remedy. As a general rule, however, "the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence" *(People v Kelly,* 62 NY2d 516, 521). Moreover, in fashioning an appropriate remedy, the degree of prosecutorial fault must be considered, although the overriding concern must be to avoid any prejudice to the defendant *(see, People v Kelly, supra,* at 520). Here, it is clear that the return of the property to the complainant without prior written notice to the defendant was

not a deliberate or bad-faith attempt by law enforcement authorities to destroy the evidence but rather was the result of an oversight by the prosecutor, responding to an urgent request from the complainant *(see, People v Angelo,* 93 AD2d 264). Moreover, the defendant suffered no prejudice as a result of the return of the property since the defendant conceded that the robbery occurred but argued that he did not have any knowledge of it. In view of these circumstances, the trial court did not abuse its discretion in denying the defendant's motion to dismiss the indictment in its entirety.

The defendant's challenge to the trial court's charge on the issue of accessorial liability is similarly without merit. That portion of the court's jury charge adequately conveyed the proper standard regarding the intent necessary for accomplice liability *(see, People v Newton,* 120 AD2d 751, *lv denied* 68 NY2d 759; *People v Compitiello,* 118 AD2d 720, *lv denied* 67 NY2d 941; *cf., People v Vasquez,* 104 AD2d 429).

Finally, although the evidence adduced at the trial was circumstantial, it leads to a conclusion of guilt beyond a reasonable doubt and excludes to a moral certainty every reasonable hypothesis of innocence *(see, People v Benzinger,* 36 NY2d 29; *People v DiBlasi,* 130 AD2d 678). Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.