■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered August 25, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant's conviction stemmed from the death of Dennis King, who was shot in a Brooklyn laundromat. The evidence adduced at trial established that the defendant had argued with King and had armed himself with a knife with which he intended to stab the decedent. Prior thereto, however, an unapprehended gunman, whose identity was known to the defendant, fired the fatal shots while the defendant and the decedent argued.

It is uncontroverted that the defendant neither possessed the murder weapon nor fired the fatal shots. Thus, to hold him criminally responsible for the conduct of the shooter, the People were obligated to prove beyond a reasonable doubt that the defendant acted with the mental culpability necessary to commit the crime and, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal in the commission of the crime (Penal Law § 20.00; see, Matter of John G., 118 AD2d 646). In the instant case the People failed to meet this burden.

The People failed to establish that the defendant was acting in concert with the person who shot the deceased. Indeed, the People proffered absolutely no evidence tending to establish

that the defendant even knew that the shooter was armed *(see, People v Ortiz,* 107 AD2d 824; *People v Vasquez,* 104 AD2d 429).* Moreover, even if the defendant was aware of the weapon possessed by the shooter, the People failed to prove that the defendant shared or was aware of the shooter's intent to kill the decedent *(see, People v Summerset,* 100 AD2d 947; *see also, People v Welcome,* 127 AD2d 717).* Notwithstanding the defendant's admitted but uneffectuated intent to stab the decedent, "no intent to [kill] by means of a gun has been shown, and it can be reasonably hypothesized that the defendant [did not intend such] gunfire" *(People v La Coot,* 118 AD2d 660, 661).* Accordingly, in light of the People's failure to establish that the defendant shared the shooter's intent to kill *(see, People v Monaco,* 14 NY2d 43), the judgment of conviction must be reversed and the indictment dismissed.

In light of the foregoing, we need not reach the defendant's remaining contentions. Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.