■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY GREEN, Appellant.—Judgment of the Supreme Court, Bronx County (David Stadtmauer, J.), rendered on August 25, 1988, which convicted defendant, after a jury trial of six counts of criminal possession of stolen property in the third degree and one count of criminal possession of stolen property in the fourth degree and sentenced him, as a second felony offender, to indeterminate terms of imprisonment of from 3½ to 7 years on each of the third degree possession counts and from 1 to 3 years on the fourth degree possession count, all sentences to run concurrently, unanimously affirmed.

The defendant was spotted and seen fleeing with a group of other males who were stripping cars in a section of Van

Cortlandt Park. The arresting officer noted that the defendant was wearing blue pants and a maroon jacket with yellow lettering. A codefendant was wearing an orange construction hat, and a black and red checkered jacket. They were arrested a short time after fleeing the park.

The defendant alleges that reversible error occurred because the trial court's circumstantial evidence charge on flight improperly supplanted the fact-finding function of the jury. We do not agree. Based on a review of the record, the charge to the jury was proper.

The court specifically told the jury that it was the jury's function to determine whether the defendant's conduct in leaving the park evidenced a consciousness of guilt. Thus, the trial court did not impose its view of this evidence on the jury. The defendant also asserts that the court failed to charge the jury that when acting in concert each defendant had to act with the mental culpability required for the commission of the crime. Again, a review of the record shows this claim to be without merit. The court instructed the jury that a *"knowing" possession of stolen property* and *"intent" to assist* is required by *each* defendant when acting in concert for the commission of a crime.

A jury is charged properly on accomplice liability when it is instructed to consider each defendant's guilt or innocence separately, and that each defendant's conduct must be intentional and knowing *(People v Newton,* 120 AD2d 751). Here, the trial properly so charged.

In any event, defendant failed to preserve his claims concerning the charge by appropriate objection at trial (CPL 470.05 [2]). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.