■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELITA PARKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered August 28, 1989, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

In the instant trial involving the defendant and the codefendant Allison Williams, it was incumbent upon the court to instruct the jury to consider the evidence of guilt or innocence separately as to each individual (CPL 300.10 [4]; *People v Ortiz,* 107 AD2d 824; *People v Vasquez,* 104 AD2d 429). In failing to do so, the court committed reversible error *(People v Evans,* 63 AD2d 653).

Reversal is additionally warranted based on numerous instances of prosecutorial misconduct consisting primarily of various comments made in summation which did not stay within the " 'four corners of the evidence' " *(People v Ashwal,* 39 NY2d 105, 109; *Williams v Brooklyn El. R. R. Co.,* 126 NY 96, 102). In this vein, the prosecutor submitted to the jury that the unfazed demeanor of the defendant's 14-year-old daughter as she sat in the courtroom and listened to testimonial accounts of rampant drug selling in her apartment building was proof that her mother had exposed her to drug dealing in their apartment. Without any support in the record, the prosecutor also argued that it had been necessary for the defendant to sell drugs because she was no longer working on a full time basis and needed income to support herself and

her children. In an apparent attempt to mislead the jury into finding the defendant Parker guilty by association *(see, People v Termini,* 65 AD2d 825), the prosecutor first submitted to the jury that it might infer that a defense witness was herself a drug dealer and then commented rhetorically, "This is the person [the defendant] Carmelita Parker calls on her behalf. This is the person Carmelita Parker allows her daughter to sit in this court [with] and listen to while she testifies?". It was also prejudicial for the prosecutor to announce in open court that he wished to have the defendant's 14-year-old daughter removed from the courtroom because she was wearing a T-shirt which the court had refused to admit into evidence. Apart from the fact that—as noted by the court—it was most unlikely that the jurors could "make out" the shirt from where they sat and that accordingly the prosecutor's request was probably unnecessary, the prosecutor should have made his request at a sidebar, thus eliminating the possibility that the jury might conclude that the event had been orchestrated by the defense as a way of circumventing the court's evidentiary ruling. Since the cumulative impact of the aforementioned errors was to prejudice the rights of both the defendant and the codefendant to a fair trial, they are entitled to a new trial *(see, People v Rivera,* 116 AD2d 371; *People v Williams,* 178 AD2d 675 [decided herewith]).

In view of our decision, we do not reach the other issues raised by the defendant. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.