■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NARENDRA SINGH, Respondent. [595 NYS2d 510] —Appeal by the People from an order of the County Court, Suffolk County (Vaughn, J.), entered March 2, 1992, which granted the defendant's motion pursuant to CPL 290.10 (1) to set aside a jury verdict convicting the defendant of tampering with physical evidence and obstructing governmental administration in the second degree, and to dismiss the indictment.

Ordered that the order is affirmed.

In deciding a motion for a trial order of dismissal under CPL 290.10 (1), the trial court must limit its review solely to the legal sufficiency of the evidence as defined in CPL 70.10 (1). In this process the court must view the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620).

Contrary to the People's assertion on appeal, the evidence they presented was not legally sufficient to establish that the defendant tampered with physical evidence within the meaning of Penal Law § 215.40 (1). On February 25, 1991, the defendant and his attorney met with an Assistant District Attorney for a conference. The defendant had been charged with larceny arising from an incident that occurred on November 17, 1990, at a wholesale store where he allegedly stole a coat. At the conference, the defendant maintained that the coat he was wearing on November 17 had been purchased five days earlier at the same wholesale store. After the defendant produced a cash register receipt dated November 12, 1990, a store tag, and a coat label, the case against him was dismissed. Afterwards, another indictment was issued which charged the defendant with, among other things, the crime of tampering with physical evidence.

We agree with the defendant's argument on this appeal that Penal Law § 215.40 (1) intends to punish the crime of knowingly creating physical evidence that is not genuine with the intent that it be used in an official proceeding. In other words, to be guilty of this crime, a defendant must have manufactured false physical evidence *(see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 215.35, at 571-572; former Penal Law §§ 810, 811). The defendant at bar offered only genuine items of physical evidence to the Assistant District Attorney at their conference. Even if the coat purchase on November 12, 1990, was a

separate and distinct event from the incident which occurred five days later, such that the evidence offered by the defendant was irrelevant to answering the charges of larceny, it still cannot be said that the People proved that the defendant violated Penal Law § 215.40 since there was no proof that he tampered with physical evidence within the contemplation of the statute. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.