■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GESMAN ROBINSON, Appellant. [692 NYS2d 136] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 30, 1996, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is Ordered. The facts have been considered and are determined to have been established.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of a weapon in the second degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Vega,* 183 AD2d 864). In any event, viewing the evidence in a light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt of those crimes beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, in this case involving the defendant and a codefendant, the court erred in failing to instruct the jury to consider the evidence of guilt or innocence separately as to each individual (*see,* CPL 300.10 [4]; *People v Bailey,* 249 AD2d 555; *People v Parker,* 178 AD2d 665). This error was compounded by the failure of the trial court to properly charge accomplice liability (*see, People v Bailey, supra*; *People v Ortiz,* 107 AD2d 824; *People v Vasquez,* 104 AD2d 429).

Since we are ordering a new trial, we note that, contrary to the defendant's contention, the court's *Sandoval* ruling was not an improvident exercise of its discretion (*see, People v Carrasquillo,* 204 AD2d 735).

In light of our determination, it is unnecessary to address the defendant's remaining contentions. O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.