■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM CAMPBELL, Appellant. [913 NYS2d 220]—Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered January 5, 2009, convicting defendant, after a jury trial, of attempted gang assault in the first degree and assault in the second degree, and sentencing him to concurrent terms of four years and three years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the conviction for second-degree assault to third-degree assault and reducing the sentence on that conviction only to time served, and otherwise affirmed.

The verdict convicting defendant of attempted gang assault in the first degree was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence showed that defendant and three other men repeatedly punched and kicked the victim as he lay on the ground.

However, the evidence did not establish defendant's guilt of second-degree assault based on the use of a dangerous instrument, charged under an acting-in-concert theory. There was no claim that defendant personally used a knife, and there was no evidence even to suggest that defendant was aware that one of the other attackers used a knife. The use of the knife was not open and obvious.

We reach defendant's unpreserved sufficiency claim in the interest of justice, and reduce the conviction to third-degree assault. In view of that determination, we find it unnecessary to reach defendant's other claim relating to the second-degree assault conviction.

Defendant failed to preserve his arguments regarding the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal, since the court's charge was sufficient to prevent the challenged remarks from causing any prejudice. We have considered and rejected defendant's related claim of ineffective assistance of counsel. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.