██ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NAYELY LAZARO, Respondent. [4 NYS3d 300]—

Appeal by the People from so much of an order of the Supreme Court, Kings County (Riviezzo, J.), dated December 10, 2012, as granted that branch of the defendant's motion pursuant to CPL 290.10 and CPL 330.30 (1) which was to set aside a jury verdict convicting her of attempted assault in the first degree and to dismiss that count of the indictment.

Ordered that the order is affirmed.

The defendant and Irene Bailon were accused of acting in concert in their physical attacks upon Lucero Felipe and Ruby Arriaga, wherein the defendant cut Felipe beneath the left eye and Bailon cut Arriaga beneath the left eye. The altercation occurred not long after a fight between Bailon and Felipe, after which Bailon returned to the scene with the defendant and others. Felipe testified at trial that during the altercation, the defendant had used "a box cutter or something like that" to cut her under the left eye, though the defendant testified that she

"[broke] a fingernail on Felipe's face" during the fight while trying to push Felipe off her. Arriaga testified that she was cut under the left eye from Bailon's use of a shiny, small razor, and Arriaga's sibling, Leslie Moposita, testified that Bailon struck Arriaga "with something."

The defendant was acquitted by the jury of attempted assault in the first degree and assault in the second degree as to the altercation with Felipe, convicted of assault in the third degree as to Felipe, and convicted under an acting in concert theory of attempted assault in the first degree and assault in the second degree in connection with Bailon's altercation with Arriaga.

Thereafter, the Supreme Court granted that branch of the defendant's motion pursuant to CPL 290.10 and CPL 330.30 which was to set aside the jury verdict convicting her of attempted assault in the first degree and to dismiss that count of the indictment. The People appeal.

In deciding a motion to dismiss pursuant to CPL 290.10 (1), the trial court must review the legal sufficiency of the evidence as defined by CPL 70.10 (1), accepting the competent evidence as true, in the light most favorable to the People (*see People v Singh*, 191 AD2d 731 [1993]). Here, the Supreme Court correctly concluded that there was insufficient evidence in the record that the defendant, while acting in concert with Bailon, knew that Bailon was armed with a deadly weapon or a dangerous instrument such as a box cutter, or that she shared Bailon's intent to use such a deadly weapon or dangerous instrument to disfigure Arriaga (*see* Penal Law § 120.05 [2]; *People v Monaco*, 14 NY2d 43, 45-46 [1964]; *People v Campbell*, 79 AD3d 624 [2010]; *People v Torres*, 153 AD2d 911, 911-912 [1989]; *People v Ortiz*, 107 AD2d 824, 825 [1985]).

Accordingly, the jury's verdict convicting the defendant of attempted assault in the first degree as to Arriaga was properly set aside. Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur. **[Prior Case History: 38 Misc 3d 697.]**