■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAURA VOMVOS, Respondent. [28 NYS3d 385]—

Appeal by the People from an order of the Supreme Court, Suffolk County (Camacho, J.), dated January 8, 2015, which granted that branch of the defendant's motion which was pursuant to CPL 290.10 (1) to set aside a jury verdict convicting her of scheme to defraud in the first degree and to dismiss that count of the indictment.

Ordered that the order is reversed, on the law, that branch of the defendant's motion which was pursuant to CPL 290.10 (1) to set aside a jury verdict convicting her of scheme to defraud in the first degree and to dismiss that count of the indictment is denied, that count of the indictment and the verdict of guilt thereon are reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for sentencing on that count.

The defendant, a licensed real estate agent, was indicted for, among other charges, scheme to defraud in the first degree for engaging in a scheme to defraud three different mortgage lenders in connection with a short sale of her home and the purchase of another. Following a jury trial, the defendant was convicted of scheme to defraud in the first degree and two counts of falsifying business records in the second degree. Thereafter, the Supreme Court granted that branch of the defendant's motion which was to set aside the jury verdict convicting her of scheme to defraud in the first degree and to dismiss that count of the indictment. The People appeal.

In deciding a motion to dismiss pursuant to CPL 290.10 (1), the trial court must review the legal sufficiency of the evidence as defined by CPL 70.10 (1), accepting the competent evidence

as true, in the light most favorable to the People (*see People v Lazaro*, 125 AD3d 1008, 1008 [2015]; *People v Singh*, 191 AD2d 731 [1993]).

In order to prove the defendant's guilt of scheme to defraud in the first degree under Penal Law § 190.65 (1) (b), the People were required to prove that the defendant "engage[d] in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtain[ed] property with a value in excess of one thousand dollars from one or more such persons." We agree with the People's contention that the evidence was legally sufficient to establish that the defendant engaged in a "scheme constituting a systematic ongoing course of conduct" (Penal Law § 190.65 [1] [b]). The People established that, between March and October of 2011, the defendant used another real estate agent's name on various documents in connection with the short sale of her home and failed to follow the short sale rules requiring the listing of her home on the public Multiple Listing Service of Long Island database. The People further established that the defendant did so to conceal the fact that, unbeknownst to the lender who ultimately approved the short sale, she had privately agreed to sell her home as a short sale to a coworker for a certain price, and to improperly retain a commission on the short sale. During that same period of time, the defendant provided false information to another lender on a mortgage application to obtain a mortgage on a new home she was purchasing to conceal the fact that her current home was in foreclosure. The defendant's "single, unitary over-all scheme to defraud" was demonstrated by the common techniques, misrepresentations, and omissions of material facts employed in all transactions (*see People v First Meridian Planning Corp.*, 86 NY2d 608, 616-617 [1995]). The defendant's intent was readily inferable from the overall pattern of her conduct (*see People v Houghtaling*, 14 AD3d 879, 881 [2005]; *People v Bastian*, 294 AD2d 882, 883 [2002]). Also, the proof adduced amply demonstrated that the defendant's scheme resulted in her obtaining property with a value in excess of $1,000 (*see* Penal Law § 190.65 [1] [b]).

Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPL 290.10 (1) to set aside the jury verdict convicting her of scheme to defraud in the first degree and to dismiss that count of the indictment. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.