People v Grosso (2021 NY Slip Op 05640)





People v Grosso


2021 NY Slip Op 05640


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Ind No. 4165/16 Appeal No. 14388 Case No. 2019-05324 

[*1]The People of the State of New York, Respondent,
v
Michael Grosso, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered August 13, 2019, convicting defendant, after a jury trial, of attempted robbery in the first degree, attempted robbery in the second degree (two counts), attempted assault in the first degree and assault in the second degree, and sentencing him to an aggregate term of 3½ years, unanimously modified, on the law, to the extent of vacating the convictions of attempted assault in the first degree and assault in the second degree and dismissing those counts, and otherwise affirmed.
The court correctly submitted attempted first and second-degree robbery as lesser included offenses of the respective robbery charges. Defendant and his codefendant, who were unable to locate the money they had intended to steal in the victim's hotel room, each left the room carrying a bag. The victim claimed these bags belonged to him. However, there was a reasonable view of the evidence under which the bags belonged to the defendants themselves, and not to the victim, and that nothing belonging to the victim was actually taken, so that no robbery was completed. Accordingly, submission of attempted robbery was proper (see generally People v Rivera, 23 NY3d 112, 120 [2014]).
Defendant's convictions of attempted assault in the first degree and assault in the second degree, charged under an acting in concert theory, were not supported by legally sufficient evidence (see People v Danielson, 9 NY3d 342 [2007]). These charges required proof that when the codefendant stabbed the victim, defendant shared the codefendant's intent to do so; defendant was not convicted of any assault crimes where his liability was based on his intent to commit robbery. During a robbery attempt, the codefendant stabbed the victim from behind several times with a small knife. However, there was no evidence that defendant, who was standing in front of the victim and restraining him, knew that the codefendant had a knife or was planning to use it. "[T]he use of the knife was not open and obvious" (People v Campbell, 79 AD3d 624, 624 [1st Dept 2010]), and defendant released the victim within seconds of the stabbing. Under these circumstances, the record does not support a conclusion beyond a reasonable doubt that defendant was aware of the use of the knife but continued to participate in the assault (compare Matter of Tatiana N., 73 AD3d 186 [1st Dept 2010]). Accordingly, the evidence did not establish defendant's accessorial liability (see Penal Law § 20.00) for these crimes.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021