■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR ORR, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 29, 1972, convicting him of assault in the third degree, criminal mischief in the third degree and resisting arrest, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our opinion, the trial court's refusal to charge as to the possibility of intoxication deprived defendant of a substantial trial right. Intoxication, while it is not a defense, may be considered by a jury in determining the presence of the element of intent in any crime, pursuant to section 15.25 of the Penal Law. Intent is an element in all three of the crimes of which defendant stands convicted, an element which the jury was required to find in order to convict. Since intoxication could negate the element of intent, and since there was considerable evidence of the possibility of intoxication, the refusal of the trial court to charge on intoxication was error. The fact that the evidence of intoxication was introduced through prosecution witnesses, in both direct and cross-examination, and not by defendant, is not a reason for denial of the requested charge. The charge should be given if there is sufficient evidence of intoxication in the record for a reasonable man to entertain a doubt as to the element of intent on that basis (*People v. Steele*, 26 N Y 2d 526; see, also, *Womack v. United States*, 336 F. 2d 959). Rabin, P. J., Munder, Martuscello, Latham and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GERARD PAPPA, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated August 9, 1971, which granted defendant's motion to suppress certain eyewitness testimony from evidence. Appeal dismissed. The People's notice of appeal was filed on August 17, 1971, some 15 days prior to the effective date of the Criminal Procedure Law on September 1, 1971. Under the former Code of Criminal Procedure, no appeal lay from an order such as the one at bar. Had the People waited until September 1, 1971 to file their notice of appeal, the provisions of the Criminal Procedure Law, which created a right to appeal from this type of order, would have applied (see CPL 450.20, subd. 8; CPL 450.50, subd. 1). The question before us is whether this court, in the interests of justice, should treat the premature notice of appeal as timely so as to give the People the benefits of an appeal under the new law, pursuant to the saving clause of CPL 460.10 (subd. 6). In light of the lengthy delay in this case, which appears directly attributable to the laxness of the People and presently has resulted in a delay of seven years since the incident for which defendant was indicted, we are of the opinion that the interests of justice do not require us to treat the People's notice of appeal as timely so as to obtain for them the benefits of the new appeal provisions of the Criminal Procedure Law. Rabin, P. J., Munder, Martuscello, Latham and Christ, JJ., concur.