Memoeandxtm. Our examination of the record of this trial in April, 1971, satisfies us that it was error for the Trial Judge to refuse to charge manslaughter in the second degree (Penal Law, § 125.15), in addition to murder first degree (for which defendant was found guilty) (Penal Law, § 125.25, suhd. 1), manslaughter first degree (Penal Law, § 125.20), and assault first degree (Penal Law, § 120.10).
‘‘ On the duty of the court to charge the lesser degree of [the crime], defendant is entitled to the most favorable view of the record ” (People v. Battle, 22 N Y 2d 323, 324). “ [I]f, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense ” (People v. Mussenden, 308 N. Y. 558, 561-562).
Based on some evidence that this defendant was intoxicated, coupled with the absence of any plausible explanation for the concededly bizarre sidewalk stabbing by this 69-year-old defendant of a victim previously unknown to him and his bewildered, ingenuous behavior following the killing, we conclude that the jury would have been entitled to find that at the time of the stabbing defendant was too intoxicated to have intended either to kill his victim or to cause her serious physical injury.
No other issue tendered by defendant supplies ground for reversal.
The order of the Appellate Division should be reversed, defendant’s conviction vacated and the case remitted to Supreme Court, Kings County, for a new trial.