■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIE STOVALL, Appellant. — Judgment rendered September 9, 1982 in Supreme Court, New York County (Morris Goldman, J.), convicting appellant of murder in the second degree, unanimously reversed, on the law, and the action is remanded for a new trial. ¶ Defendant brutally and inexplicably stabbed Albert Butler to death. She was arrested within minutes and has never maintained that she is guiltless. She did testify at trial, however, that prior to the incident she had consumed half a pint of gin by herself, and split four and a half pints with her common-law husband. One of the arresting officers testified that she had acted "irrationally" at the precinct and he smelled alcohol on her breath. ¶ The court charged the jury on self-defense and intoxication in addition to the indictment

charge of murder in the second degree and the lesser included offense of manslaughter in the first degree. Defense counsel also requested a charge of manslaughter in the second degree, since defendant's conduct was the result of "excessive drinking, irrational conduct and plain recklessness." The court refused, finding "nothing in the record to support it * * * I don't see any proof of recklessness whatsoever in this record." ¶ This was error. In a remarkably similar case, *People v Lee* (35 NY2d 826, 827), the Court of Appeals held that since a " 'defendant is entitled to the most favorable view of the record' [quoting] (*People* v. *Battle,* 22 NY 2d 323, 324). '[I]f, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense' [quoting] (*People* v. *Mussenden,* 308 N. Y. 558, 561-562)." ¶ As in *Lee* (*supra,* p 827), there was "some evidence that this defendant was intoxicated" with no truly "plausible explanation for the concededly bizarre * * * stabbing". Thus, "the jury would have been entitled to find that at the time of the stabbing defendant was too intoxicated to have intended either to kill [her] victim or to cause [him] serious physical injury." (35 NY2d, at p 827). ¶ Accordingly, we reverse and remand for a new trial. Concur — Sullivan, J. P., Carro, Asch, Fein and Kassal, JJ.