■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN FARNSWORTH, Appellant. — Judgment affirmed. Memorandum: "A charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry,* 61 NY2d 849, 850). Thus, before an intoxication charge is warranted, first there must be evidence of intoxication, and second, the evidence of intoxication must be sufficient to cause a reasonable person to entertain a doubt whether, because of the intoxication, the defendant formed the requisite intent. In *Perry (supra,* p 851), the court held that intoxication should have been charged since there was "undisputed evidence of defendant's intoxication at the time of the commission of the crime." Unlike *Perry (supra),* where the defendant had been drinking all night, here there was no evidence in the record of defendant's intoxication. The only evidence bearing upon intoxication came from the testimony of one of the police officers who, accompanied by a police dog, found the defendant hiding in the attic rolled inside a rug. The officer said he noticed the smell of alcohol on the defendant and that the defendant's eyes appeared "slightly" bloodshot. He also noticed

the defendant's clothing was disheveled, but this was consistent with the fact that the defendant had rolled himself into the rug.

Intoxication "has long been held to mean an incapacity to perform various mental or physical acts which an average person would be able to do." (*People v Cruz,* 48 NY2d 419, 427.) Here, there was no indication that because of drinking the defendant's mental or physical capacity was impaired. There was no evidence that defendant's speech was slurred or that he was unsteady on his feet. All of the evidence concerning his mental or physical capacity was inconsistent with mental or physical impairment. Defendant was coherent at the scene of the burglary and had shown a considerable amount of dexterity in removing broken glass from the window frame and in climbing from the back porch up to and through the window, which was some distance from the ground. Nor were his actions so bizarre as to indicate they were induced by intoxication. They were consistent with those of a burglar who was searching the inside of a house for valuables to steal. He had ransacked one of the bedrooms and had taken a sleeping bag out of a closet and a watch case out of a dresser drawer. When he became aware of the arrival of the police, he abandoned these items and went to the attic where he hid inside the rug.

The fact that the defendant dropped his arms after being told by the police officer not to move is not unusual. When the officer first called off the dog he told the defendant to put his hands in the air and to remain still and nothing would happen to him. The officer then began to pat down the defendant and told him not to move until the officer got back to the dog. After the officer finished his pat-down search of the defendant and began to move away, the defendant dropped his arms. This dropping of the arms, a natural reaction after a pat-down search was completed, cannot be said to be evidence of intoxication. At most, it was a misunderstanding of what the officer meant when he told the defendant not to move.

The dissent, citing *People v Orr* (43 AD2d 836, affd 35 NY2d 829), would require the court to give a charge on intoxication whenever there is evidence in the record of a "possibility" of intoxication. *People v Orr (supra)* does not so hold. In that case, the court found that there "was considerable evidence of the possibility of intoxication". It then stated the correct rule, since restated in *People v Perry (supra).* Here, there was no evidence of intoxication and certainly no such evidence sufficient for a reasonable person to entertain a doubt as to whether intoxication had negated the element of defendant's intent.

All concur, except Green, J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Green, J. (dissenting). The trial court's refusal to charge the effect of intoxication on the element of intent denied the defendant a fair trial (Penal Law, § 15.25). A charge on intoxication must be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis (*People v Perry,* 61 NY2d 849, 850; see, also, *People v Orr,* 43 AD2d 836, affd 35 NY2d 829; *People v Lee,* 35 NY2d 826). The majority concludes that the evidence on intoxication was insufficient to justify the charge as requested by the defendant. I disagree.

On the evening of May 2, 1982, a Rochester resident heard the sound of breaking glass and noticed a man climb through the window of a neighbor's home. The witness called the police and officers from the tactical canine unit arrived "within a minute." The officers conducted a floor-to-floor search and discovered the defendant in the attic, rolled up in a large rug. One of the officers testified that the defendant, "appeared to have been drinking," that his breath smelled of alcohol, his eyes were bloodshot and his clothes were "disheveled." One of the officers frisked the defendant and found nothing. The defendant, having already been bitten in the leg when first discovered by the dog, was warned to keep his hands above his head. The officer testified that when the defendant "dropped his arms real quick" the dog bit the defendant in the abdomen. The officer testified on redirect examination that the defendant was coherent when questioned at the time of the arrest and later at the hospital. One of the officers further testified that the upstairs bedrooms had been ransacked, a sleeping bag had been pulled from a closet and was lying on the floor and a watch case was lying atop a dresser in another room. The owner of the premises testified that nothing was missing from his house except a sweater that the defendant was wearing at the time he was arrested.

At trial, the defendant conceded that he entered the house unlawfully. The sole question for the jury was whether defendant possessed the requisite intent to commit burglary in the second degree (Penal Law, § 140.25, subd 2). Prior to summations, the defendant requested, in writing, that the trial court charge as follows: intoxication affecting intent. "In any prosecution for an offense evidence of intoxication of the defendant may be offered whenever it is relevant to negative an element of the crime charged. The question, therefore, is not whether the defendant was drunk, but whether his intoxication, if you find there was such, was of such a character that it destroyed the power to form the particular intent which is a necessary element of the crimes charged. Burglary in the second degree requires

the specific intent to commit a crime within the dwelling. The evidence of intoxication can be introduced through direct and cross-examination of prosecution witnesses and not by defendant." The court refused this request stating there was no evidence that defendant was intoxicated. Defense counsel excepted and properly preserved the issue for review (see CPL 470.05, subd 2; *People v Victor,* 62 NY2d 374; *People v Le Mieux,* 51 NY2d 981; cf. *People v Hoke,* 62 NY2d 1022).

In my view, a reasonable person could have entertained a doubt as to the element of defendant's intent to commit burglary in the second degree because he "appeared" intoxicated at the time he was discovered in the attic and arrested. The arresting officer testified that defendant appeared to have been drinking because his eyes were bloodshot, his clothes were disheveled and his breath smelled of alcohol. Had defendant been found driving a car in this condition, certainly the officer would have had probable cause to arrest him for driving while intoxicated (see, e.g., *People v Farrell,* 89 AD2d 987). The question for the trial court when a defendant requests a charge on intoxication is not whether defendant was in fact intoxicated, but whether there is evidence in the record of the "possibility" of intoxication (*People v Orr,* 43 AD2d 836, *supra*). Defendant does not have to show that he was in a drunken stupor to be entitled to the charge. Even though a defendant may be aware of his actions, he is still entitled to a charge on intoxication if there is sufficient evidence of defendant's intoxication at the time of the commission of the crime (*People v Perry,* 61 NY2d 849, 850-851, *supra*).

Here, in addition to the arresting officer's observation of the defendant, there was evidence that the defendant acted in an unusual manner inconsistent with the *modus operandi* of a burglar. He apparently owned a jacket which he took into the house but left in one of the rooms. He also removed his boots, and when arrested he was wearing a sweater belonging to the owner of the premises but not the plaid shirt the neighbor thought she had seen him put on prior to entering the house. Could not a reasonable juror conclude from this evidence that defendant's intent to commit burglary in the second degree was at least equivocal? Could not defendant have been simply looking for a place to sleep? Would a sober defendant "bring his hands down quickly to his side" when confronted with a police-trained German Shepherd dog only a few feet away? Was it possible for the defendant to so thoroughly ransack the house when the police arrived "within a minute" of defendant's entry and found him rolled up in a rug in the attic shortly thereafter?

In its charge, a trial court must state the material legal principles applicable to each case (CPL 300.10, subd 2). Here,

the trial court usurped the fact-finding function of the jury by stating in response to defendant's request for a charge on intoxication that there was "no testimony that (defendant) was intoxicated at the time of the incident." Intoxication is a question of fact for the jury (*People v Crumble,* 286 NY 24; *People v Koerber,* 244 NY 147, 151). On this record, there was sufficient evidence of the *possibility* of intoxication. The trial court's refusal to charge as requested deprived the defendant of a substantial trial right because the jury was not allowed to consider whether defendant was intoxicated and, if he was, whether this negated the element of his intent to commit burglary in the second degree (see *People v Perry,* 61 NY2d 849, *supra; People v Lee,* 35 NY2d 826, *supra; People v Orr,* 43 AD2d 836, affd 35 NY2d 829, *supra; People v Collins,* 86 AD2d 616; *People v Cesare,* 68 AD2d 938). The judgment should be reversed and a new trial granted. (Appeal from judgment of Supreme Court, Monroe County, Pine, J. — burglary, second degree.) Present — Denman, J.P., Boomer, Green, O'Donnell and Schnepp, JJ.