■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TILSON ITURRINO, Appellant.—Judgment, Supreme Court, Bronx County (Carmen Beauchamp Ciparick, J.), rendered March 9, 1984, ·which convicted defendant, upon a jury verdict, of manslaughter in the first degree and sentenced him to an indeterminate term of imprisonment of 6 to 18 years, affirmed.

On this appeal by the defendant from his conviction for manslaughter in the first degree, the principal issue raised is the contention that it was reversible error for the trial court to refuse defendant's request that the jury be instructed pursuant to Penal Law § 15.25 that the jury may consider evidence of defendant's intoxication as negating "an element of the crime charged." Although the trial court's refusal to give the requested charge was based on the erroneous factual

assumption that evidence of the defendant's intoxication had only been elicited during his cross-examination by the District Attorney, and the further erroneous legal conclusion that evidence of intoxication so elicited did not entitle the defendant to a charge pursuant to Penal Law § 15.25, we are persuaded that the record does not disclose "sufficient evidence of intoxication * * * for a reasonable person to entertain a doubt as to the element of intent on that basis [citations omitted]." *(People v Perry,* 61 NY2d 849, 850; *see also, People v Farnsworth,* 65 NY2d 734, *revg* 106 AD2d 878.)

Preliminarily, we observe that the trial evidence strongly supports the jury's verdict, whether or not one accepts the version of the events presented by the prosecution witnesses or that offered in his own behalf by the defendant. The People's witnesses testified that during the course of an argument with the deceased, defendant's former father-in-law, the defendant pointed a gun at the deceased and shot him repeatedly. The defendant testified that the deceased first pointed a gun at him, fired one shot which missed, after which he grappled with the deceased, the gun thereafter discharging several times. Since the evidence establishes that the deceased was shot five times, twice in the back, the jury was entitled to disbelieve that part of defendant's testimony in which he claimed to have been so shocked by the events as not to know what was occurring when the gun was repeatedly fired.

In requesting a charge on intoxication pursuant to Penal Law § 15.25, defense counsel stated that the request was made because of evidence of the defendant's drinking elicited on defendant's cross-examination by the Trial Assistant, a statement that appears to have misled the trial court into believing that there had been no such evidence on the defendant's direct examination. In fact, however, the defendant on direct examination testified in passing that he had consumed three drinks at a bar prior to entering the car which he drove to the place where the fatal event occurred. On cross-examination, the defendant testified that over a period of several hours he had one beer at an apartment, had "one or two or three" beers at another apartment during lunch, and thereafter, in his final version, testified that he had one or two drinks at a bar. Taken by itself, this testimony might well have been marginally sufficient under other circumstances to justify the requested charge, and indeed we are inclined to believe that the issue raised was sufficiently close that it might well have been prudent for the trial court to have given the requested charge.

In evaluating the defendant's testimony as to his consumption of alcohol, we note that at no time did he testify directly, or even by implication, that he was intoxicated or in any way affected in his actions by that which he had consumed. By itself, this omission would not necessarily be decisive. However, in this case defendant's failure to suggest that he had in any way been influenced by his alcoholic consumption is accompanied by his testimony that he thereafter drove a car from Manhattan to The Bronx, giving a detailed and precise review of the route he took, including the main thoroughfares as well as the individual streets on which he made several turns. He went on to give precise testimony as to where he parked the car, how long he remained in the car before emerging from it, where he stood, how the deceased approached him, the conversation he had with the deceased, and the movements by the deceased that led to the altercation.

After the defendant's brief lapse of memory, which occurred while he was struggling for the gun with the deceased and the gun discharged, the defendant's comprehensive recollection of the events resumed. He gave a detailed, specific account of the route followed when he left the scene of the fatal shooting, including once again the streets on which he drove the car and the streets on which he made turns.

Considered as a whole, we are persuaded that there was not "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis [citations omitted]." *(People v Perry,* 61 NY2d 849, 850, *supra.)* Concur—Sandler, J. P., Fein, Milonas, Rosenberger and Ellerin, JJ.