■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER COOPER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered November 7, 1985, convicting him of criminal posses-

sion of a weapon in the second degree, upon a jury verdict, and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Indictment No. 5444/84 charged the defendant, among other things, with criminal possession of a weapon in the second degree, "to wit: a .22 caliber revolver". At the trial, although there was more than sufficient evidence to convict the defendant of that crime on the basis of the .22 caliber revolver found at the scene, it was revealed that an unfired .357 magnum was also found at the scene, which the defendant claimed was his gun (he denied possessing the .22 caliber revolver). During his summation, the prosecutor commented that the jury could convict the defendant of criminal possession of a weapon in the second degree on the basis of either the .22 caliber revolver or the .357 magnum. On appeal, the defendant argues that this was an impermissible amendment of the original indictment, in violation of his State constitutional rights (NY Const, art I, § 6), and therefore his judgment of conviction should be reversed. We disagree.

The defendant never objected to this comment at trial and therefore has failed to preserve this issue for appellate review. In any event, the trial court repeatedly instructed the jury that the People had to prove beyond a reasonable doubt the defendant's guilt of criminal possession of a .22 caliber firearm, thereby curing any alleged prejudice (see, e.g., CPL 200.70; *People v Charles,* 61 NY2d 321; *People v Spann,* 56 NY2d 469; *People v Barbaran,* 118 AD2d 578, *lv denied* 67 NY2d 1050). Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.