■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FRANCO, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Kreindler, J.), both rendered June 11, 1986, convicting him of murder in the second degree, manslaughter in the first degree and robbery in the first degree under indictment No. 1939/85, upon a jury verdict, and manslaughter in the first degree under indictment No. 1937/85, upon his plea of guilty, respectively, and imposing sentences.

Ordered that the judgments are affirmed.

Reviewing the record in the light most favorable to the defendant, as we must when the issue is whether a particular theory of defense should have been charged *(People v Farnsworth,* 65 NY2d 734), we find that although the defendant had been drinking beer and smoking marihuana prior to the fatal stabbing for which he was convicted following a jury trial, there is no evidence whatsoever that he was intoxicated at the time or that his mental capacity was in any way diminished. His statements to police four days after the murder indicate he had a clear and vivid recollection of the events preceding and following the murder as well as the particulars of the stabbing itself for which he claimed he was justified. Since the record fails to disclose any evidence of intoxication from which a reasonable person could entertain a doubt as to the element of intent, the court properly declined to give an intoxication charge *(see, People v Cintron,* 74 AD2d 457).

In light of the vicious nature of the two separate homicides committed by the defendant within only 2½ months of each other, we decline to modify the sentences imposed. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.