■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 27, 1986, convicting him of robbery in the second degree, assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to enable the jury to find that the defendant inflicted physical injury on the complainant "[i]n the course of" the robbery (Penal Law § 160.10 [2] [a]). The

complainant testified that after chastising the defendant, who with two companions removed foodstuffs from the complainant's grocery store, the defendant left. The defendant and his companions returned, still in possession of the stolen property, carrying knives, and proceeded to grab more foodstuffs from the shelves. When the complainant attempted to telephone the police, the defendant stabbed him over the eye and kicked him in the face, breaking his nose. The jury was entitled to find that the initial entry, and the subsequent return culminating in the attack, was a continuous act *(see, People v Dekle,* 83 AD2d 522, *affd* 56 NY2d 835). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, his conviction on the charge of assault in the first degree was not repugnant to his acquittal on the charge of robbery in the first degree. As the Court of Appeals held in *People v Tucker* (55 NY2d 1, 4, *rearg denied* 55 NY2d 1039), "[w]hen there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury". Under this standard, the defendant's acquittal on the robbery count did not negate an essential element of the assault count *(see, People v Goodfriend,* 64 NY2d 695, 697; *People v Fasano,* 129 AD2d 1004).

Moreover, reviewing the record in the light most favorable to the defendant, as we must when the issue is whether a particular theory of defense should have been charged *(People v Farnsworth,* 65 NY2d 734), we find that although the defendant had been drinking beer and cherry brandy, and smoking either marihuana or "angel dust", or both, there is no evidence whatsoever that he was intoxicated at the time or that his mental capacity was in any way diminished. The defendant himself testified that he knew what he was doing and claimed to be "immuned" to large quantities of alcohol. Since the record fails to disclose any evidence of intoxication from which a reasonable person could entertain a doubt as to the element of intent, the court properly declined to give an intoxication charge *(see, People v Franco,* 144 AD2d 581).

The defendant's remaining contention is unpreserved for appellate review (CPL 470.05 [2]; *see, People v Cooper,* 129 AD2d 806) and, in any event, is without merit *(see, People v Spann,* 56 NY2d 469). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.