■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO RAMIREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 29, 1986, convicting him of manslaughter in the first degree, attempted manslaughter in the first degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts), unlawful imprisonment in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the omission of an intoxication charge deprived him of his right to a fair trial. Initially, it must be noted that the defendant never requested such a charge, and did not raise an objection to the court's charge as given. Accordingly, his claim of error has not been preserved for appellate review as a matter of law (see, People v Carter, 115 AD2d 551). In any event, in light of all of the testimony adduced at trial, we find that there was insufficient evidence of intoxication which would lead a reasonable person to doubt that the defendant had the requisite intent to commit the crimes of which he had been accused (see, People v Perry, 61 NY2d 849). Although it is undisputed that the defendant had a long history of alcohol abuse, the record is barren of any indication that he was intoxicated at the time of the crime. Inasmuch as the evidence adduced at trial did not in any way demonstrate the defendant's intoxication, there was no error in not instructing the jury on that defense (see, People v Rios, 150 AD2d 620; People v Iturrino, 117 AD2d 502; cf., People v Farnsworth, 65 NY2d 734, revg 106 AD2d 878).

We have considered the defendant's remaining contentions and find them to be without merit (see, People v Suitte, 90 AD2d 80). Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.