■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered June 4, 1987, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court erred in denying his request for an intoxication charge, since there was evidence adduced at trial of drug usage by the defendant just prior to commission of the crimes charged. We disagree.

Reviewing the evidence in the light most favorable to the defendant, as we must when there is an issue as to whether a particular theory of defense should have been charged *(People v Farnsworth,* 65 NY2d 734), we find that although the defendant was able to establish that he had used drugs shortly before the commission of the crimes charged, there is no evidence that his mental capacity was in any way diminished by his drug use. His statements to the police on the date of the murder, and again 10 days later, indicate he had a clear recollection of the events preceding and following the murder as well as the particulars of the shooting itself. "Since the record fails to disclose any evidence of intoxication from which a reasonable person could entertain a doubt as to the element of intent, the court properly declined to give an intoxication charge" *(People v Franco,* 144 AD2d 581; *People v Cintron,* 74 AD2d 457).

The defendant also asserts that certain comments made by

the prosecutor during summation improperly shifted the burden of proof to him. No objection was raised, however, as to one of the comments and, accordingly, no issue has been preserved for appellate review as to that statement *(People v Thomas,* 50 NY2d 467). As to the remaining comments, they were made in response to defense counsel's summation and, while they arguably suggested that the defendant had a burden to prove a witness's motive to lie, any error was harmless under the circumstances of this case *(see, People v Wood,* 66 NY2d 374, 380; *People v Morgan,* 66 NY2d 255, 259).

Finally, the defendant challenges certain alleged burden-shifting comments made by the court during the preliminary instructions and the jury charge. However, no objection was made to these comments and, therefore, the defendant's claims of error with respect thereto are not preserved for appellate review as a matter of law *(People v Thomas, supra).* In any event, we find that the charge in its totality did not shift the burden of proof *(People v Green,* 77 AD2d 665). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.