■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GORDON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 11, 1988, convicting him of assault in the second degree, resisting arrest and operating a motor vehicle while under the influence of alcohol, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention on appeal, the defendant did not waive his right to contend that he was incapable of forming the requisite intent because of intoxication by testifying that he was not intoxicated on the morning in question. The prosecution introduced sufficient evidence of intoxication for a reasonable person to entertain a doubt as to the elements of intent on that basis *(see, People v Perry,* 61 NY2d 849; *see also, People v Orr,* 43 AD2d 836, *affd* 35 NY2d 829). On the merits, however, we reject the defendant's contention that the evidence was legally insufficient to support the convictions for assault in the second degree and resisting arrest, as it cannot be said that there is no valid line of reasoning and permissible inferences which could lead a rational person to conclude that the defendant intended to prevent the officers in question from performing a lawful duty and from effecting an authorized arrest (Penal Law § 120.05 [3]; § 205.30; *see, People v Bleakley,* 69 NY2d 490, 495).

Finally, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.