■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered April 12, 1988, convicting him of attempted murder in the first degree, assault in the second degree, robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree and bribery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his constitutional right of due process when the Supreme Court refused to instruct the jury on the effect of intoxication upon liability pursuant to Penal Law § 15.25.

The defendant robbed an off-duty police officer at knife point and flew into a rage when the officer had only $27 on his person. The officer testified that the defendant's pupils were dilated and his eyes were glassy, that the defendant exhibited unusual strength and that in the struggle to subdue him, the defendant did not react to pain. However, the officer was able to subdue the defendant without assistance. There was no evidence that the defendant ingested any alcohol or drugs and

his actions were totally consistent with a street robbery *(cf., People v Farnsworth,* 106 AD2d 878, 881 [Green, J., dissenting], *revd* 65 NY2d 734 *on dissenting opn at App Div).* The defendant exhibited a very acute sense of what was happening and his intent to commit the crimes of which he was convicted was clearly demonstrated by his verbal threats to kill the police officer, his unwavering demand for cash but not jewelry, his display of and attempt to use his knife and his violent resistance to the officer subduing and handcuffing him.

A review of the evidence in the light most favorable to the defendant supports the Supreme Court's denial of the defendant's request that the jury be instructed on the effect of intoxication upon liability pursuant to Penal Law § 15.25, since there is insufficient evidence that a reasonable person would entertain doubt as to the element of intent on the basis of the defendant's possible intoxication *(see, People v Farnsworth, supra; People v Coker,* 135 AD2d 723; *People v Eleby,* 137 AD2d 708; *People v Franco,* 144 AD2d 581; *People v Rios,* 150 AD2d 620). Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.