*920 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after trial, of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree. The charges arose from the killing and robbery of Effrain Camacho by defendant and two others at 303 Jefferson Street in Brooklyn when Camacho and a friend attempted to purchase heroin and cocaine at an apartment where defendant had been living.
Defendant’s principal contention is that the trial court erred in refusing his request to instruct the jury on intoxication pursuant to Penal Law § 15.25. On appeal to this Court, he contends that the Appellate Division, in finding no error, erroneously limited the availability of the intoxication charge by requiring, as a prerequisite, objective evidence that a defendant’s mental capacity has actually been diminished by the intoxicating substance. The Appellate Division held that although defendant presented evidence that he had been using drugs in his apartment before the commission of the crimes charged, there was no evidence that his mental capacity was in any way diminished by his drug use and thus no reasonable person could entertain a doubt as to the element of intent (see, People v Rodriguez, 155 AD2d 627; see also, People v Rios, 150 AD2d 620; People v Franco, 144 AD2d 581). We agree the Appellate Division’s statement of the rule was error.
We stated the correct rule in People v Perry (61 NY2d 849, 850), where we held that "[a] charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis” (see also, People v Farnsworth, 65 NY2d 734; People v Orr, 43 AD2d 836, affd 35 NY2d 829; People v Lee, 35 NY2d 826). The evidence of intoxication, sufficient to warrant the instruction under the Perry standard, may include evidence that defendant’s mental capacity has been diminished by intoxicants but it need not in all cases. The charge may also be warranted if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant’s ability to form the necessary criminal intent.
The evidence of intoxication in this case did not meet even the relatively low threshold established by Perry, however, *921 and thus we find no error in the court’s refusal to grant defendant’s request. Defendant presented only inconclusive evidence that he had been using various forms of narcotics on the day of the crime and the jury could not reasonably infer from that evidence that his capacity to form the necessary intent had been thereby affected. There was no evidence of when defendant ingested narcotics, the quantity ingested or the effect they had on him. Indeed, the record shows that defendant made coherent statements both on the day of the crime and on the day of his arrest in which he described with particularity the events leading up to the crime. Moreover, the ambiguous assertion at trial by an accomplice that defendant was "high” was casually volunteered, it was not a part of defendant’s theory of the case and it does not, alone or in combination with the other meager evidence of drug use in the record, warrant an intoxication instruction under the rule in Perry.
Defendant also claims that he was denied his right to be present at a critical stage of the criminal proceeding. Pursuant to CPL 310.30, a defendant has an "absolute and unequivocal” right to be present during instructions to the jury, which would include the right to be present during a read-back of testimony to the jury (see, People v Mehmedi, 69 NY2d 759, 760; see also, People v Ciaccio, 47 NY2d 431). That right did not include the right of defendant to be present at a colloquy between his attorney and the Trial Judge which took place outside the jury’s presence and involved only the sufficiency of the read-back. Defendant’s absence from the colloquy did not effect his ability to defend himself against the charges in any way and thus did not violate his due process right to be present at trial (see, Snyder v Massachusetts, 291 US 97, 105-106; People v Ciaccio, 47 NY2d 431, 436, supra; and cf., People v Ferguson, 67 NY2d 383; People v Mullen, 44 NY2d 1; People ex rel. Lupo v Fay, 13 NY2d 253).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, in a memorandum.