■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK GRIFFIN, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered April 20, 1989, convicting defendant, after a jury trial, of burglary in the third degree and criminal mischief in the fourth degree and sentencing him, as a second felony offender, to concurrent indeterminate prison terms of 2 to 4 years for the burglary count and six months for each of the criminal mischief counts unanimously affirmed.

A witness observed defendant enter a locked church by prying the door apart sufficiently to squeeze through. The police arrived after the witness observed defendant leaving the church. Defendant was arrested as he was walking down the block. The church was discovered in total disarray, with property broken and strewn about.

The trial court was correct in refusing to charge intoxication pursuant to Penal Law § 15.25. "A charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis". (People v Perry, 61 NY2d 849, 850; People v Rodriguez, 76 NY2d 918.) There was insufficient evidence that defendant ingested drugs. Neither of the officers saw defendant exhibit signs of intoxication, and defendant was able to make coherent statements.

Defendant's argument that the prosecutor's comments about intent were improper is unpreserved for appellate review. The prosecutor's comment that the facts were uncontroverted was harmless error due to curative instructions by the court. Defendant's remaining contentions are without merit. Concur—Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.