**Ernesto RAMIREZ, Petitioner,**

v.

**Arthur LEONARDO, Superintendent, Respondent.**

**No. 90 C 4019.**

United States District Court, E.D. New York.

May 13, 1991.

---

3. Furgal and Cook also testified that "seconds", or knives not ready for entry into the retail market because of defects or incompletion, are not sold by Camillus Cutlery to the public.

4. The figures in this exhibit, which listed the name, quantity and retail value of the knives, were based on the prices which Camillus Cutlery recommended its customers utilize as retail prices for the knives.

See also, 151 A.D.2d 617, 542 N.Y.S.2d 365.

Ernesto Ramirez, pro se.

John J. Santucci, Dist. Atty. of Queens County (Alexander P. Schlinger, Asst. Dist. Atty., of counsel), Kew Gardens, N.Y., for respondent.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

He was convicted in New York Supreme Court, Queens County, of manslaughter in the first degree, attempted manslaughter in the first degree, assault in the first degree, two counts of criminal possession of a weapon in the second degree, unlawful imprisonment in the first degree and endangering the welfare of a child.

The court sentenced him to one indeterminate term of 8½ to 25 years imprisonment for first degree manslaughter to run consecutively to concurrent terms of 5 to 15 years imprisonment for attempted manslaughter and weapons possession, 1 to 3 years for unlawful imprisonment, and 1 year for child endangerment.

Petitioner appealed the conviction on the grounds that the trial court had denied his right to a fair trial by failing to submit an intoxication instruction to the jury and that the consecutive sentencing was unduly harsh. On May 11, 1989, the Appellate Division affirmed the conviction. *See People v. Ramirez*, 151 A.D.2d 617, 542 N.Y. S.2d 365 (2d Dep't 1989). The Court of Appeals denied leave to appeal, 74 N.Y.2d 851, 546 N.Y.S.2d 1016, 546 N.E.2d 199 (1989).

The petition raises the identical claims made on direct appeal.

■ The court may not entertain a petition for habeas corpus until the petitioner has exhausted available state remedies. *See* 28 U.S.C. § 2254(b), (c). To satisfy this requirement, petitioner must have both put the "state courts on notice that they are to decide federal constitutional claims," *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984), and presented the claims to "the highest state court from which a decision can be had." *Daye v. Attorney General*, 696 F.2d 186, 190 n. 3 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). Petitioner did both. He raised the claims on direct appeal at the appellate division, and the Court of Appeals denied him review.

■ The court also cannot ordinarily review a claim in a habeas petition if the state court's denial of the claim rested on the petitioner's failure to follow state procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977). If the basis of the state court's decision is unclear, the court will not consider the claim procedurally barred and will address the merits. *See Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (holding that procedural default exists only when the state court's decision " 'clearly and expressly' states that its judgment rests on a state procedural bar").

■ Respondent argues that the Appellate Division rejected petitioner's claim relating to the failure to instruct the jury on intoxication on procedural grounds. The court did "note that the defendant never requested such a charge and did not raise an objection to the court's charge as given [and] accordingly, his claim of error has not been preserved for appellate review as a matter of law" (citation omitted). But the court then went on to consider the merits of the claim. The opinion said that a review of the record indicated that there was "insufficient evidence of intoxication" to warrant the instruction.

The state court has not "clearly and expressly" said that its decision rested on the procedural default. It is fair to infer from the opinion that if the Appellate Division had found that the failure to give the instruction was reversible error, it would have disregarded the procedural default. *See People v. Nater*, 56 A.D.2d 664, 392 N.Y.S.2d 303 (2nd Dept.1977) (reversing a conviction in the "interest of justice" for failure to instruct jury on intoxication "despite there having been no request for [it]").

■ The evidence at trial established that at around 5:30 a.m. on November 8, 1984, petitioner killed his common-law wife and tied up her son. At 9:00 that morning petitioner shot his attorney, injuring him

severely. A psychiatrist who testified for the defense said petitioner's heavy drinking over a period of years had caused organic brain damage such that his memory and judgment were impaired. The only evidence that petitioner was actually intoxicated the morning of the incident was the testimony of a psychiatrist called by the prosecution that petitioner had told him that he was drinking before the incident. But according to the testimony of his own treating psychiatrist, petitioner's memory was severely impaired. The evidence did not support a jury instruction on intoxication, and petitioner's constitutional rights were not violated by the trial court's failure to do so.

Petitioner also claims his consecutive sentences are overly harsh. They are not so extreme as to violate the Constitution's prohibition on cruel and unusual punishment. *See Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983); *Holmes v. Scully,* 706 F.Supp. 195, 204 (E.D.N.Y.1989).

The application for a writ of habeas corpus is denied. So ordered.