■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THADDEUS DAWSON, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered January 17, 1990, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to concurrent indeterminate terms of imprisonment of from ten to twenty years and from seven and one-half to fifteen years, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

The charges against defendant arose from his stabbing of Roberto Sealey during an argument outside of Grand Central Terminal, where Sealey worked as a shoeshiner. Defendant testified that in the fifteen-minute period immediately preceding the stabbing he had drunk "forty ounces of a boilermaker", which he described as a mixture of Bacardi rum and beer, and that he was "high" when the incident occurred. We think that, notwithstanding the absence of testimony regarding objective indicia of intoxication, e.g. slurred speech and a lack of balance, this testimony constituted " 'sufficient evidence of intoxication * * * for a reasonable person to entertain a doubt as to the element of intent on that basis' " *(People v Rodriguez,* 76 NY2d 918, 920), and that, accordingly, defendant's request to charge intoxication should have been granted.

To the extent that such a charge would have been inconsis-

tent with the proffered defense of justification, "a defendant's entitlement to a charge on a claimed defense is not defeated solely by reason of its inconsistency with some other defense raised". *(People v Butts,* 72 NY2d 746, 748.)

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.