■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JIMMIE E. ORTEGA, Also Known as "JIMMIE", Also Known as LEONIDAS MARMOLEJOS, Appellant.—Judgment reversed on the law and new trial granted. Memorandum: Defendant was convicted, following a jury trial, of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). The conviction stems from defendant's sale of a quantity of cocaine to an undercover police officer who was introduced to defendant by a confidential informant.

At trial, defense counsel repeatedly sought disclosure of the identity of the informant, but that was denied. On cross-examination by defense counsel, the officer refused to disclose the identity of the confidential informant who was with him when he purchased the cocaine. The court, apparently without the knowledge or consent of either side, conducted an in camera conference in chambers with the undercover officer in the absence of defendant and all counsel. The court subsequently placed on the record that the purpose of this conference was to advise the witness about a potential *Goggins* problem *(see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012) and to persuade him to "change his mind about disclosing" the informant's identity.

Defendant contends that the trial court's actions in conferring with the People's principal witness in the absence of defendant and all counsel violated his statutory and constitutional rights to be present with counsel at all material stages of the proceeding against him *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20; *People v Velasco,* 77 NY2d 469, 472; *People v Cain,* 76 NY2d 119, 123; *People v Mullen,* 44 NY2d 1, 4-5). We agree *(see, People v Insogna,* 28 AD2d 771, 773). When the defendant's guilt or innocence is at issue, the decision whether the informant's identity should be disclosed must not be resolved in an ex parte proceeding *(People v Goggins, supra,* at 168).

All concur, except Denman and Boomer, JJ., who dissent and vote to affirm, in the following Memorandum.

Denman and Boomer, JJ. (dissenting). We respectfully dissent. In the unique circumstances of this case, the court's ex parte communication with a prosecution witness, although improvident, did not violate defendant's rights.

After the testimony of Fritzen, the undercover officer, the court perceived a potential *Goggins* problem *(see, People v*

*Goggins,* 34 NY2d 163) as a result of defense counsel's insistence that the confidential informant be produced or identified. The court, without notifying either counsel, took Fritzen into chambers in an attempt to persuade him to reveal the informant's identity in order to eliminate a *Goggins* issue and obviate the need for making a determination whether disclosure of the informant's identity was necessary. Fritzen refused to reveal the informant's identity. Subsequently, the court, after examining case law, placed the fact of its in camera discussion on the record and informed the parties that it had determined that the informant's identity need not be divulged. The court apparently concluded that, because the reliability of Fritzen's testimony identifying defendant as the seller of cocaine was not challenged, and was corroborated by a surveillance officer, there was no need for disclosure of the informant's identity *(see, e.g., People v Brown,* 34 NY2d 163, 169, 172-173). The majority finds no fault with that determination. The majority concludes, however, that the court's ex parte communication with Fritzen violated defendant's right to be present and his right to counsel.

We disagree. In order to show a violation of his right to be present, defendant was required to show that the ex parte discussion was a "critical stage" of trial, and that defendant's absence therefrom had a "substantial effect on his ability to defend" *(People v Mullen,* 44 NY2d 1, 5; *see, Snyder v Massachusetts,* 291 US 97, 108; *People v Rodriguez,* 76 NY2d 918, 921). The court's discussion with Fritzen concerned only "questions of law or procedure", and thus defendant's absence therefrom did not affect his ability to defend himself against the charges *(People v Velasco,* 77 NY2d 469, 472; *People v Rodriguez, supra).*

We also disagree with the majority's conclusion that the ex parte communication violated defendant's right to counsel. The dictate of *Goggins,* that "the decision as to whether the informant's identity should be disclosed must not be resolved in an ex parte proceeding" *(People v Goggins, supra,* at 168), is not applicable here. The ex parte proceeding was not conducted for the purpose of deciding the *Goggins* issue, but to forestall or avoid a *Goggins* issue by persuading the witness to disclose the informant's identity voluntarily. After failing in that regard, the court then addressed the question whether this case presented a *Goggins* issue, ultimately concluding that it did not. The court apparently based that decision on the nature of the trial proof, in particular the minor role played by the informant in the transaction and the strength of the

People's identification evidence. The court did not base its determination on anything that transpired during the ex parte conversation with the witness nor is there any contention that it did. Moreover, the court rendered its decision after hearing argument on the issue from the parties and considering the authorities submitted by them. Viewed in that light, the majority's concerns that the court's action violated *Goggins* are unfounded.

Even if the court's conduct is deemed technically to violate defendant's rights, any error is harmless. The ex parte communication did not relate to the substance of the witness's testimony, did not concern defendant's guilt or innocence and did not relate to the court's determination that the case did not present a *Goggins* problem. Defendant can point to no prejudice to his defense as a result of the court's action, and we perceive none. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.