■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CORTEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 22, 1989, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of intentional murder for killing the victim by stabbing him 12 times in the chest near the heart, twice in the abdomen, once in the hand, and for slashing the victim's throat. He was also convicted of robbery and felony murder for taking property, including at least one video cassette recorder, from the victim's apartment immediately after he had killed him. These crimes occurred on July 14, 1987, after the two men had apparently been drinking together for a while in the victim's apartment. The record does not contain specific information as to how much, if any, liquor was consumed by the defendant, or of its effects on him.

On appeal, the defendant claims that errors were committed by trial counsel, the court, and the People. For example, he complains of the ineffective assistance of trial counsel who failed, inter alia, to present an intoxication defense or request a charge in regard thereto. He also faults the court for not

*sua sponte* delivering such a charge. We disagree that there was error in that regard.

The defendant's purported intoxication defense is unsupported by the record. There is no evidence to support his contention that he had drunk so much alcohol that he must have been incapacitated. Rather, the defendant's ability at the time to reflect, plan, organize, and act to steal the property and to kill his victim, as well as his ability to remember and relate vivid details of the incident to two of the People's witnesses afterward, belie an intoxication defense. Viewing the intoxication evidence in the light most favorable to the defendant, as required *(see, People v Farnsworth,* 65 NY2d 734, 735), there was insufficient evidence here regarding the quantity of liquor consumed and its consequent effects to warrant the giving of a charge on intoxication *(see, People v Rodriguez,* 76 NY2d 918, 920-921; *People v Perry,* 61 NY2d 849, 850; *People v Rios,* 150 AD2d 620, 621; *People v Franco,* 144 AD2d 581). Thus, it cannot be said that trial counsel did not provide "meaningful representation" *(see, People v Baldi,* 54 NY2d 137, 146-147) because he chose to attack the credibility of the People's witnesses rather than pursue an intoxication defense. Nor can the court be faulted for not *sua sponte* delivering an instruction with respect to that defense.

The defendant's other allegations of counsel's ineffectiveness, relating to the *Sandoval* and *Wade* hearings, the witness credibility charge, and the verdict sheet, are also without merit *(see, People v Rivera,* 71 NY2d 705, 708; *People v Droz,* 39 NY2d 457). Counsel's conduct and choices in regard thereto were based on sufficient reasons; his overall performance was adequate and did not fall below an objective standard of reasonableness *(see, People v Winston,* 134 AD2d 546). He made appropriate pretrial motions and effectively cross-examined the People's witnesses, and developed a strategy focusing on destroying their credibility. Concomitantly, the court did not err by failing to act to cure unpreserved (CPL 470.05 [2]) and non-existent errors in the aforementioned areas.

The defendant additionally contends that the court erred in refusing to honor his timely request for a charge on the lesser included offense of manslaughter in the first degree. We disagree. Viewing the evidence in the light most favorable to the defendant, as required when considering such a request to charge *(see, People v Martin,* 59 NY2d 704, 705), we conclude that there was no reasonable view of the evidence to support a finding that the defendant had committed the lesser but not the greater crime *(see,* CPL 1.20 [37]; 300.50 [1]; *People v Ford,*

62 NY2d 275, 281; *People v Glover,* 57 NY2d 61, 63; *People v Robinson,* 166 AD2d 543). The details of the many stab wounds in the victim's body can only be evidence of an intent to cause death, not serious physical injury.

There is no merit to the defendant's contention that his conviction must be reversed because of the People's failure to provide him with a certain police report constituting *Rosario* material until after trial. Generally, the People's failure to turn over *Rosario* material in their possession, before or during the trial, is *per se* reversible error requiring a new trial *(see, People v Jones,* 70 NY2d 547, 553; *People v Novoa,* 70 NY2d 490, 499; *People v Ranghelle,* 69 NY2d 56, 63). There are limits to this rule, however, one of which concerns duplicative materials *(see, People v Young,* 79 NY2d 365; *People v Ranghelle, supra; People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914).

A comparison of the document at issue with other police reports that were turned over to the defendant in a timely manner persuades us that the duplicative equivalency exception is applicable in the present circumstances. The latter reports contained statements (1) about the furniture missing from the victim's apartment (a video cassette recorder and a television) and (2) that the deceased had been drinking in his apartment with other persons, just as the undisclosed document did *(see, People v Velez,* 161 AD2d 823; *cf., People v Young, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.