■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD GAINES, Appellant. [600 NYS2d 232] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered October 28, 1991, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 3½ to 7 years, affirmed.

Defendant argues that his request for an intoxication instruction (Penal Law § 15.25) should have been granted given his testimony that he may have lost control and hit the victim because he had "had a couple of drinks" and "just got ripped off", and the testimony of one of the arresting officers that defendant had glassy eyes and smelled of alcohol. We disagree. Defendant's testimony is at best equivocal, attributing the assault in part to his anger at being "ripped off", and there is no evidence of the type or size of the drinks defendant consumed or when he consumed them; indeed, defendant gave detailed testimony of the events that occurred before, during, and after the assault *(see, People v Rodriguez,* 76 NY2d 918). Viewed as a whole, there was not " 'sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis' " *(supra,* at

920; *see also, People v Iturrino,* 117 AD2d 502). Concur—Ellerin, Ross, Asch and Kassal, JJ.

Milonas, J. P., dissents in a memorandum as follows: In my opinion, the trial court should have granted defendant's request for a jury instruction on intoxication. As the Court of Appeals explained in *People v Farnsworth* (65 NY2d 734, 735), "[w]here the issue on appeal is whether a particular theory of defense should have been charged to the jury, the evidence must be viewed in the light most favorable to the defendant".

Defendant herein was convicted of assault in the second degree as the result of an incident involving a physical altercation between him and the complaining witness, Alexander Boyd. Although the complainant and defendant offered conflicting versions of the event in question, the jury clearly accepted Boyd's testimony that defendant engaged in an unprovoked attack upon him after he had driven a woman known as "Blondie", along with defendant, to a certain location in exchange for the cost of the gasoline. However, notwithstanding that defendant admitted hitting Boyd, he claimed that he "may have lost control" since "I had a couple of drinks and I just got ripped off or whatever." In addition, while the complainant asserted that he never smelled alcohol on defendant's breath, Blondie had told him that defendant was high. Of the two officers who testified at trial, one of them observed that defendant's eyes were glassy and that his breath smelled of alcohol. Under these circumstances, an intoxication charge was warranted.

The Court of Appeals stated in *People v Perry* (61 NY2d 849, 850) that the trial court's refusal to provide an instruction on intoxication in that matter "denied defendant his right to have the jury properly consider the effect intoxication could have on the element of intent (Penal Law, § 15.25). A charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" *(see also, People v Rodriguez,* 76 NY2d 918). Viewing the evidence in the light most favorable to the defense, as we are required to do *(People v Farnsworth, supra),* the jury could reasonably have concluded that the proof was not adequate to support a finding of criminal intent beyond a reasonable doubt despite "the absence of testimony regarding objective indicia of intoxication, e.g. slurred speech and a lack of balance" *(People v Dawson,* 173 AD2d 262, *lv denied* 78 NY2d 965).