■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS PADILLA, Defendant-Appellant. [653 NYS2d 310] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered February 4, 1994, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 21 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility were properly presented to the jury and we see no reason to disturb its findings (*People v Gaimari*, 176 NY 84). There was ample evidence to establish that the gunshot wounds constituted a sufficiently direct cause of death (*see, People v Stewart*, 40 NY2d 692).

Since the evidence was not wholly circumstantial, the court properly denied defendant's request for a circumstantial evidence charge (*People v Daddona*, 81 NY2d 990).

There is no merit to defendant's claims that, on various occasions during jury deliberations and at a colloquy with an individual juror, the court violated defendant's right to be present at all material stages of the trial and improperly delegated judicial authority to court officers (*see, People v Rodriguez*, 76 NY2d 918; *People v Bonaparte*, 78 NY2d 26; *People v Mullen*, 44 NY2d 1). Defendant received effective assistance of trial counsel (*People v Baldi*, 54 NY2d 137), and counsel was under no obligation to make objections to the court's appropriate handling of the above situations. Defendant has failed to "demonstrate the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709) for counsel's consent to the court's removal of a large group of defendant's "friends" from the courtroom. Counsel may well have been concerned about the potential prejudicial effect upon defendant in the event that the jury suspected that his "friends" were present for the purpose of intimidating witnesses.

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.