■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS ROSARIO, Appellant. [670 NYS2d 461] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 17, 1995, convicting defendant, after a jury trial, of murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 15 years to life and 3⅓ to 10 years, concurrent with a term of 2 to 6 years, respectively, unanimously affirmed.

The court properly exercised its discretion in excusing a juror who revealed that he was having significant memory problems and expressed doubt about his ability to sit as a juror. The juror's statement that both of his parents had died of Alzheimer's disease and that the disease had already fully manifested itself in his older brother indicated the seriousness of the juror's concerns about his memory lapses.

Defendant's claim of ineffective assistance of counsel was never raised in a CPL 440.10 motion, where crucial background facts might have been developed on proper inquiry (see, People v Love, 57 NY2d 998, 1000), and therefore this Court cannot evaluate the issue without resort to "supposition and conjecture" (People v Rivera, 71 NY2d 705, 709). On the instant record, within the context of trial counsel's performance as a whole (see, People v Cortez, 184 AD2d 571, 572, lv denied 80 NY2d 902), we conclude that defendant received effective assistance, and that counsel's deliberate elicitation of, and simultaneous attack upon, certain potentially damaging testimony, was part of a plausible strategy aimed at discrediting the police (see, People v Baldi, 54 NY2d 137, 146-147; People v Steel, 207 AD2d 744, lv denied 84 NY2d 1039; People v Dietz, 79 AD2d 476, 478-480). Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.