■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP ISRILE, Appellant.—Judgment, Supreme Court, New York County, rendered December 16, 1976, convicting the defendant of assault in the second degree and sentencing him as a second felony offender to an indeterminate term of imprisonment from two to four years, unanimously reversed, on the law, and the matter remanded for a new trial. The defendant, among other things, was indicted for assault in the second degree (Penal Law, § 120.05, subd 2) for intentional assault with a dangerous weapon (knife). This was submitted to the jury along with the lesser included offense of assault in the third degree (Penal Law, § 120.00, subd 1) being intentional assault. The jury convicted defendant of assault in the second degree and accordingly did not consider the lesser included offense of intentional assault in the third degree. The defendant had been drinking on and off all day before he stabbed the complainant after an argument over a $2 debt. Under the circumstances, even though defendant's counsel did not request an instruction on intoxication, such an instruction was required in the interest of justice. (See *People v Lee,* 35 NY2d 826; *People v Trisvan,* 49 AD2d 913.) Further, there having been a request for the court to submit a charge as to "reckless" assault in the third degree (Penal Law, § 120.00, subd 2), it should not have been refused. Upon a reasonable view of the evidence, the jury could have found that the defendant committed this lesser offense. (See *People v Greer,* 42 NY2d 170, 173-174.) The possibility of intoxication could negative the element of intent *(People v Orr,* 43 AD2d 836, affd 35 NY2d 829), although the defendant may still have acted "recklessly". Concur—Kupferman, J. P., Lupiano, Birns, Sandler and Sullivan, JJ.