■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COLLINS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Vitale, J.), rendered January 4, 1980, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the second degree and vacating the sentence imposed thereon. As so modified, judgment affirmed and matter remitted to the County Court, Nassau County, for further proceedings consistent herewith. Defendant was indicted for assault in the second degree (Penal Law, § 120.05, subd 2) and criminal possession of a weapon in the third degree. On this appeal, he contends that it was error for the trial court to refuse to charge assault in the third degree, reckless assault (Penal Law, § 120.00, subd 2). Defendant argues that evidence of intoxication introduced at trial sufficed to permit the jury to find that he committed only a reckless act (see *People v Orr,* 43 AD2d 836, affd 35 NY2d 829). The trial court denied defendant's request on the ground that there was no reasonable view of the evidence to support the claim of intoxication. Nevertheless, when charging the intent required for assault in the second degree, the court instructed the jury that it could consider intoxication as negativing the element of intent (see Penal Law, § 15.25). If requested, a lesser included offense must be charged "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50, subd 1; *People v Scarborough,* 49 NY2d 364). That "reasonable view" is enhanced by the rule that in determining the requirements of the charge, the court must give the defendant the benefit of the most favorable view of the record (see *People v Steele,* 26 NY2d 526, 529). Here, one of the People's witnesses testified on cross-examination that she smelled alcohol on defendant's breath. Another witness denied telling the police that the defendant was intoxicated and was impeached with a statement she had given to the police that defendant was "very intoxicated". On this basis, no doubt, the court gave instructions to the jury as to how intoxication might affect the element of intent. When the defendant's seemingly irrational behavior is coupled with the testimony concerning the alcohol and the court's reaction to it as far as intent was concerned, it is difficult to resist the conclusion that there was a reason-

able view of the evidence that the defendant acted recklessly and not intentionally (see *People v Lee,* 35 NY2d 826; *People v Isrile,* 64 AD2d 536; *People v Orr, supra*). Nonetheless, the People contend that the error, if any, was not adequately preserved for review since defense counsel (1) did not mention a specific subdivision of section 120.00 of the Penal Law, and (2) did not argue that intoxication was the basis for his request to charge assault in the third degree. We disagree. The purpose of an objection — to provide the court with an opportunity to cure the defect at a time when it may be readily corrected — was fulfilled by defense counsel's request (see CPL 470.05, subd 2; *People v Robinson,* 36 NY2d 224). Moreover, the trial court specifically rejected the application of each subdivision of section 120.00 of the Penal Law. Accordingly, the failure to charge assault in the third degree was error and the defendant is entitled to a new trial on the charge of assault in the second degree. His other contentions are without merit. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.