■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOLAN C. REUBEN, Appellant. [624 NYS2d 1016] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Genesee County Court, Morton, J.—Violation of Probation.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL STANDSBLACK, Appellant. [624 NYS2d 1016] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Genesee County Court, Morton, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WILLIAMS, Appellant. [623 NYS2d 31] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant submitted a written request that reckless assault in the third degree (Penal Law § 120.00 [2]) be charged as a lesser included offense of intentional assault in the second degree (Penal Law § 120.05 [2]). Supreme Court erred in denying that request.

The investigating officer testified on cross-examination that defendant made an oral statement to the effect that he had had too much to drink when he entered the apartment of complainant and assaulted her. Also, the complainant on cross-examination was impeached by prior statements she made to the effect that defendant was drunk at the time of the assault. By instructing the jury that it could consider intoxication as negating intent and by submitting criminally negligent assault (Penal Law § 120.00 [3]) to the jury as a lesser included offense, the court recognized that an evidentiary basis existed for a finding of intoxication. We conclude that the court should have granted defendant's request that reckless assault in the third degree likewise be submitted to the jury as a lesser included offense *(see, People v Collins,* 86 AD2d 616; *People v Isrile,* 64 AD2d 536; *see generally, People v Morton,* 100 AD2d 637). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Assault, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.