■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER T. BRUNSON, Appellant. [641 NYS2d 935] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree. County Court properly denied defendant's motion to suppress oral and written statements defendant made to the police. At the *Huntley* hearing, the People proved beyond a reasonable doubt that the statements were voluntarily made within the meaning of CPL 60.45 (*see, People v Witherspoon*, 66 NY2d 973) and were not otherwise obtained in violation of defendant's constitutional rights. Defendant's contention that the statements should have been suppressed as

the product of an unlawful arrest is without merit. The motion papers do not contain sworn allegations of fact to support the conclusion that defendant was unlawfully arrested (*see*, CPL 710.60 [1]) and, thus, that portion of the motion was properly denied without a hearing (*see*, CPL 710.60 [3] [b]; *People v Mendoza*, 82 NY2d 415, 426). Defendant also contends that the court erred in denying his motion to dismiss the indictment upon the ground that the prosecutor failed to instruct the Grand Jury regarding justification. We disagree. As a legal advisor to the Grand Jury, the prosecutor must, where "necessary or appropriate" (CPL 190.25 [6]), instruct the jurors on exculpatory defenses such as justification (*see*, *People v Valles*, 62 NY2d 36). For a defendant to be entitled to have the Grand Jury charged on the justification defense, however, "the evidence must establish that defense, requiring more from a defendant than a mere allegation" (*People v Mitchell*, 82 NY2d 509, 514-515). In our view, defendant's testimony before the Grand Jury did not establish the defense of justification. Consequently, the prosecutor's failure to instruct the Grand Jury regarding justification did not impair the integrity of the Grand Jury proceeding.

We reject defendant's further contention that the court should have charged reckless assault in the third degree (Penal Law § 120.00 [2]) as a lesser included offense of intentional assault in the second degree. There is no evidentiary basis for a finding that defendant acted recklessly rather than intentionally (*cf.*, *People v Williams*, 212 AD2d 1065, *lv denied* 85 NY2d 916).

Although it may have been preferable for the court to have granted defendant's request to relate the facts of the case to the justification charge at trial (*see, e.g.*, *People v Williams*, 121 AD2d 145, 147), it cannot be said that the justification charge was so inadequate that it deprived defendant of a fair trial (*see*, *People v Saunders*, 64 NY2d 665). Defendant further contends that the court erred in charging the jury, over his objection, on the justified use of deadly physical force. Defendant had requested that the charge be limited to the justified use of physical force, which the court also charged. In view of the evidence that the complainant sustained serious physical injuries when defendant beat him over the head with a cutting board, we conclude that the court's justification charge was proper. Defendant's remaining contentions regarding the jury charge are unpreserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see*, CPL 470.15 [6] [b]). (Appeal from Judgment of Oneida County Court, Buckley, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.