■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MILEY, Appellant. [657 NYS2d 204] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered March 1, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The court committed reversible error when it permitted the prosecutor to exercise a peremptory challenge to a sworn juror (see, CPL 270.15 [2], [4]; People v Williams, 26 NY2d 62; People v De Conto, 172 AD2d 684, affd 80 NY2d 943; People v Walker, 168 AD2d 470).

We disagree with the People's contention that the defendant failed to preserve the issue for appellate review. CPL 270.15 (2) provides, in part: "The people must exercise their peremptory challenges first and may not, after the defendant has exercised his peremptory challenges, make such a challenge to any remaining prospective juror who is then in the jury box". CPL 270.15 (4) provides, in part: "A challenge for cause of a prospective juror which is not made before he is sworn as a trial juror shall be deemed to have been waived, except that such a challenge based upon a ground not known to the challenging party at that time may be made at any time before a witness is sworn at the trial".

In this case, after the completion of questioning and challenges to the first venire panel, the parties accepted, and the court swore in, six jurors. During a lunch recess, the People noticed for the first time that one of the sworn jurors was wearing a T-shirt upon which was printed, among other things, "No

Justice, No Peace". The People requested that they be allowed to question that juror further.

The defendant agreed to allow questioning of the juror to determine whether he could be challenged for cause. However, the defense counsel also stated, "I don't believe that [the juror] ought to be excluded or [that] the People should have any opportunity to exclude him other than for cause because they still had a chance to ask him in voir dire regarding any sort of beliefs he might have". This objection sufficiently embodied the statutory proscription against a peremptory challenge to the sworn juror, and adequately preserved the issue for appellate review (cf., People v Collins, 86 AD2d 616). Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.