■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD D. BOURDON, Appellant. [681 NYS2d 615] —Mercure, J. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered July 11, 1997, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

On appeal, defendant contests only County Court's determination denying his pretrial motion to dismiss the indictment based upon the People's failure to provide him with notice of the pendency of Grand Jury proceedings and of his right to appear before the Grand Jury as a witness on his own behalf (*see,* CPL 190.50 [5] [a]). We are unpersuaded by defendant's assertions of error and accordingly affirm.

We first note that, because the felony complaint that commenced the criminal action against defendant was disposed of in a local criminal court on July 30, 1996, at which time a Town Justice transmitted to County Court the order holding defendant for action of a Grand Jury, the felony complaint, supporting depositions and all other pertinent papers (*see,* CPL 180.30, 180.70), defendant was not entitled to the statutory no-

tice (*see*, CPL 190.50 [5] [a]; *People v Finkle*, 192 AD2d 783, 784, *lv denied* 82 NY2d 753; *People v Conde*, 131 AD2d 586; *People v Green*, 110 AD2d 1035, 1036). Defendant's current estoppel claim based on statements made by County Court at a bail hearing was not raised on the dismissal motion and is thus unpreserved for appellate review (*see*, CPL 470.05 [2]). The claim is found to lack merit in any event.

Second, although not required to do so, the People voluntarily provided defendant with the statutory notice by mailing it to defendant's attorney and also to defendant at the address set forth on the traffic tickets that had been issued to him and at an additional address reasonably ascertained from an in-court colloquy in which defendant stated that he was a resident of Sanford, New York, which he indicated is situated between Norwich and Deposit, three miles outside of Afton. Under the circumstances, we are not persuaded that the People had an obligation to readily ascertain that defendant's correct mailing address was Nineveh, New York.

Finally, we agree with County Court's conclusion that defendant's dismissal motion was untimely. We are unpersuaded by defendant's conclusory allegations that the lack of a typewriter ribbon and notarial services in the Chenango County Jail prevented him from making the *pro se* motion within the mandatory five-day period set forth in CPL 190.50 (5) (c). In the absence of factual averments raising a genuine factual issue, County Court did not err in denying the motion without a hearing (*see*, CPL 210.20 [1] [c]; 210.45 [5] [b]; *People v Lomax*, 50 NY2d 351, 357-358; *People v Richardson*, 193 AD2d 969, 970, *lv denied* 82 NY2d 725; *People v Blair*, 148 AD2d 767, *lv denied* 74 NY2d 661).

Defendant's remaining contentions have been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.