■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAIAH
McCOY, Appellant, v GARY H. FILION, as Superintendent of
Marcy Correctional Facility, Respondent. [744 NYS2d 604] —Ap-
peal from a judgment (denominated order) of Supreme Court,
Oneida County (Ringrose, J.), entered February 14, 2001,
which denied the petition for a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously affirmed without costs.

Memorandum: On December 12, 1995, petitioner was a pas-
senger in a vehicle that was stopped by State Troopers in
Schuyler County, New York. After a weapon was discovered in
the vehicle, petitioner was secured in a Sheriff's vehicle that
had arrived at the scene. After petitioner was removed from
the Sheriff's vehicle for transport, 15 packets of cocaine, a crack
pipe and marijuana were discovered in the Sheriff's vehicle.
Petitioner was charged in a felony complaint with criminal
possession of a weapon in the third degree and, following
a preliminary hearing, was held over for the action of the grand
jury with respect to that charge. The grand jury returned an
indictment charging petitioner with two counts of criminal
possession of a weapon in the third degree (Penal Law
§ 265.02 [1], [4]) and one count of criminal possession of a con-
trolled substance in the third degree (§ 220.16 [1]). Petitioner
was subsequently convicted of all charges in Chemung County
Court but on his direct appeal, the Third Department modified
the judgment by reversing the conviction of both counts of
criminal possession of a weapon (*People v McCoy,* 266 AD2d
589, *lv denied* 94 NY2d 905). As a result, petitioner is pres-
ently serving a sentence of 10 to 20 years on the remaining
conviction of criminal possession of a controlled substance.

Supreme Court properly denied the petition for a writ of ha-

beas corpus. Petitioner contends that he was not notified that the drug charges were to be presented to the grand jury and that, as a result, he was denied his right to be present at all stages of the proceedings. That issue is not appropriate for habeas relief because it could have been raised on direct appeal or by a CPL article 440 motion (*see People ex rel. Mancuso v Herbert,* 256 AD2d 1158, 1159, *lv denied* 93 NY2d 809; *People ex rel. Hendy v Leonardo,* 173 AD2d 992, *lv denied* 78 NY2d 857, *rearg dismissed* 82 NY2d 703; *People ex rel. Shaffer v Kuhlmann,* 173 AD2d 1034, 1035, *lv denied* 78 NY2d 856). In any event, petitioner's contention has no merit. The felony complaint charging criminal possession of a weapon was disposed of when, following a preliminary hearing, the court ordered that defendant be held for action of the grand jury (*see* CPL 180.70 [1]). Therefore, when the grand jury deliberated on the charge of criminal possession of a controlled substance, petitioner was not being held on "a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding" and was not entitled to notice (190.50 [5] [a]; *see People v Green,* 110 AD2d 1035, 1036).

The further contention of petitioner that he was denied effective assistance of counsel at trial and on appeal also would not entitle him to habeas corpus relief (*see People ex rel. Grant v Scully,* 133 AD2d 359; *People ex rel. Dixon v Smith,* 112 AD2d 50, *lv denied* 65 NY2d 610; *cf. People v Bachert,* 69 NY2d 593, 595-596). In any event, petitioner's contentions concerning ineffective assistance of counsel are premised solely on counsel's failure to raise a baseless claim and therefore are without merit. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Scudder and Burns, JJ.