THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO WALKER, JR., Appellant. [789 NYS2d 780]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered November 26, 2002. The judgment convicted defendant, after a nonjury trial, of murder in the second degree, attempted aggravated sexual abuse in the first degree and hindering prosecution in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of murder in the second degree (Penal Law § 125.25 [1]), attempted aggravated sexual abuse in the first degree (§§ 110.00, 130.70 [1] [a]), and hindering prosecution in the first degree (§ 205.65). Contrary to the contention of defendant, he was not deprived of his right to testify before the grand jury. The felony complaint charging defendant with offenses that were the subject of the grand jury proceeding had been disposed of by a preliminary hearing pursuant to CPL 180.70 (1), and thus the People had no obligation to inform defendant of the grand jury proceeding (*see* CPL 190.50 [5] [a]; *People ex rel. McCoy v Filion*, 295 AD2d 956, 957 [2002], *lv denied* 98 NY2d 612 [2002]; *People v Green*, 110 AD2d 1035, 1036 [1985]). Nonetheless, the People notified defendant of the presentment approximately 15 days before it occurred, and gave defendant approximately 8 days' advance notice of the time and location where he could testify before the grand jury. Thus, defendant was afforded a "reasonable time to exercise his right to appear as a witness therein" (CPL 190.50 [5] [a]; *see People v Sawyer*, 274 AD2d 603, 605 [2000], *affd* 96 NY2d 815 [2001],

*rearg denied* 96 NY2d 928 [2001]; *see also People v Moore*, 249 AD2d 575 [1998], *lv denied* 92 NY2d 857 [1998]). In addition, defendant had no right to discovery prior to indictment (*see generally Matter of Brown v Appelman*, 241 AD2d 279, 284-285 [1998]).

Contrary to the further contention of defendant, County Court properly denied his motion to suppress his statements to the police after conducting a *Huntley* hearing (*see generally People v Brunson*, 226 AD2d 1093, 1093-1094 [1996], *lv dismissed* 88 NY2d 981 [1996]), and the court properly refused to conduct a *Dunaway* hearing. Defendant's omnibus motion papers contain only conclusory allegations and defendant did not request a *Dunaway* hearing therein. Moreover, the post-*Huntley* hearing brief in which defendant requests a *Dunaway* hearing does not contain the sworn allegations of fact required for a motion to suppress evidence pursuant to CPL 710.60 (1) (*see People v Mendoza*, 82 NY2d 415, 426-429 [1993]; *People v Huntley*, 259 AD2d 843, 844-845 [1999], *lv denied* 93 NY2d 972 [1999]; *see also Brunson*, 226 AD2d at 1093-1094; *see generally People v Toxey*, 220 AD2d 204 [1995], *lv denied* 88 NY2d 855 [1996]). Finally, defendant's contentions concerning the legal sufficiency of the evidence have not been preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]), and in any event are without merit. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.