■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM JAMELL PRIOR, Appellant. [804 NYS2d 877]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered January 22, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]) for causing physical injury to the victim by means of a dangerous instrument. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim testified that she has a permanent two-inch scar on her left earlobe, that the area remains painful and that she can no longer wear earrings (*see* Penal Law § 10.00 [9]; § 120.05 [2]). Although the object used by defendant may have been a cell phone or a box cutter, the object nevertheless became a dangerous instrument when defendant used it "in a manner which render[ed] it readily capable of causing serious physical injury" (*People v Carter*, 53 NY2d 113, 116 [1981]; *see also* Penal Law § 10.00 [13]). Defendant's challenge to the legal sufficiency of the evidence before the grand jury is not properly before us. "It is well settled that, 'when a judgment of conviction has been rendered based upon legally sufficient trial evidence, appellate review of a claim alleging insufficiency of Grand Jury evidence is barred' " (*People v Bastian*, 294 AD2d 882, 883 [2002], *lv*

*denied* 98 NY2d 694 [2002], quoting *People v Wiggins*, 89 NY2d 872, 874 [1996]; *see* CPL 210.30 [6]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.