■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY E. BROOKS, Appellant. [808 NYS2d 517]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 14, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in denying his motion to dismiss the indictment on the ground that he was deprived of his right to testify before the grand jury. We reject that contention. The felony complaint was disposed of following the preliminary hearing, when the court ordered that defendant be held for action of the grand jury (*see* CPL 180.70 [1]), and thus the People were not obligated to give defendant notice of the grand jury proceeding (*see People v Walker*, 15 AD3d 902 [2005], *lv denied* 4 NY3d 836 [2005]; *People ex rel. McCoy v Filion*, 295 AD2d 956, 957 [2002], *lv denied* 98 NY2d 612 [2002]). In any event, defense counsel received notice of the grand jury proceeding, and defendant's motion to dismiss the indictment based on the alleged violation of defendant's right to testify before the grand jury was not timely filed (*see* CPL 190.50 [5] [c]; *see generally People v Bourdon*, 255 AD2d 619, 620 [1998], *lv denied* 92 NY2d 1028 [1998]).

In support of his further contention that the court erred in denying his suppression motion, defendant raises a ground not raised before the suppression court. Thus, defendant's contention is not preserved for our review (*see People v Zeito*, 302 AD2d 923, 924 [2003], *lv denied* 99 NY2d 634 [2003]). In any event, the present contention of defendant that suppression is required based on "the outrageous conduct of the police" is lacking in merit inasmuch as there is no evidence in the record before us that the police engaged in such conduct. In concluding that defendant's statement to the police was voluntarily made (*see People v Weeks*, 15 AD3d 845, 846-847 [2005], *lv denied* 4 NY3d 892 [2005]), the suppression court was entitled to credit the testimony of police witnesses that defendant was advised of his *Miranda* rights and knowingly, voluntarily and intelligently waived those rights (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]).

Contrary to defendant's further contention, the People presented legally sufficient evidence establishing that defendant used a dangerous instrument, and thus the conviction of assault is supported by legally sufficient evidence (*see People v Prior*, 23 AD3d 1076 [2005]). As defendant correctly concedes, his belated motion for a mistrial based on prosecutorial misconduct on sum-

mation is insufficient to preserve for our review his present contention that he was denied a fair trial by that alleged misconduct (*see People v Harden,* 26 AD3d 887 [2006]; *People v Jenkins,* 302 AD2d 978, 979 [2003], *lv denied* 100 NY2d 562 [2003]). In any event, the prosecutor's summation was a fair response to the summation of defense counsel (*see People v West,* 4 AD3d 791, 792 [2004]). We have reviewed defendant's remaining contentions, including those raised in the pro se supplemental brief, and conclude that they are without merit. Present— Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.